Ted HILL, Appellant (Defendant below),

v.

C. T. HAMILTON, d/b/a Mountain States Realty, Appellee (Plaintiff below).

No. 3039.

Supreme Court of Wyoming.

May 15, 1962.

Ernest Wilkerson, Casper, for appellant.

Harden & Harden, Casper, for appellees.

Before BLUME, C. J., and PARKER, HARNSBERGER, and McINTYRE, JJ.

PER CURIAM.

As we do not find anything in appellant's petition for rehearing which was not sufficiently considered in the original opinion, the same is denied.

Denied.

STATE HIGHWAY COMMISSION of Wyoming, Appellant (Plaintiff below),

v.

TRIANGLE DEVELOPMENT CO., a Wyoming Corporation, and Leo and Genevieve Aimonetto, Appellees (Defendants below).

No. 3038.

Supreme Court of Wyoming.

May 14, 1962.

No attorney for appellant.

Beatrice Raymond, Newcastle, H. F. Fellows and Joseph M. Butler, Rapid City, S. D., for appellee Triangle Development Co.

Before BLUME, C. J., and PARKER, HARNSBERGER and McINTYRE, JJ.

PER CURIAM.

Triangle Development Co. has filed an application for rehearing urging that this court erred in determining the cause upon a matter which was unargued and waived. Applicant misconceives the reason for the rule that error will not be considered if it is waived or abandoned. The rule was intended to protect—not to restrict the court. As we stated in Wyuta Cattle Co. v. Connell, 43 Wyo. 135, 299 P. 279, 3 P.2d 101, an appellate court cannot be expected to prosecute an independent inquiry for errors upon which the appellant may possibly rely and may invoke abandonment or waiver but is nevertheless at liberty to decide a case upon any point which in its opinion the ends of justice may require. See also 5B C.J.S. Appeal & Error §§ 1801 and 1802, pp. 93–96; and White v. White, 208 Ind. 314, 194 N.E. 355, 196 N.E. 95.

Rehearing denied.