Theresa WHITE and Crawford White,
Appellants (Plaintiffs),

v.

Alan M. FISHER, M.D.; Phillip Gilbert-
son, M.D.; and Lutheran Hospital and
Homes Society of America, Inc., d/b/a
Bishop Randall Hospital of Lander,
Wyoming, Appellees (Defendants).

No. 83–106.

Supreme Court of Wyoming.

Oct. 2, 1984.

Charles E. Hamilton, Western Law Associates, P.C., Riverton, for appellants.

Robert Shively of Murane & Bostwick, Casper, for appellee Bishop Randall Hospital.

Mark W. Gifford of Brown, Drew, Apostolos, Massey & Sullivan, Casper, for appellees Fisher and Gilbertson.

Before ROONEY, C.J., and THOMAS, ROSE, BROWN, and CARDINE, JJ.

THOMAS, Justice.

The question which we shall address in this opinion is that of the constitutional propriety of the enactment of a statute by the legislature prescribing a rule of procedure in civil actions. In a civil action seeking money damages for medical malpractice the district court applied the provisions of § 1-1-114, W.S.1977, which prohibit any allegation of the dollar amount of damages in "the ad damnum clause or prayer for damages incorporated in a pleading." The plaintiffs (appellants in this court) had alleged the dollar amount of their damages, and the district court dismissed their complaint. We hold the statute to be an invasion of the constitutional powers of the judicial branch of government, and we reverse the district court.

The briefs of the parties in this case focus upon two questions to be resolved by the court. The first of these is whether § 1-1-114, W.S.1977, prohibits an allegation of the dollar amount of damages in the body of a complaint. The second question to be resolved is whether the district court should dismiss a complaint if it contains allegations that violate the statute.[1] We

---

1. In the appellants' brief the issues are stated as follows:

"The issues on appeal are relatively simple:
"A. Does W.S. 1-1-114 prohibit the mention of a dollar amount of damage in the body of the Complaint; and
"B. If so, is dismissal the appropriate remedy for a violation of the statute?"

In the brief of the appellee Lutheran Hospital and Homes Society of America, Inc., those issues are articulated in this way:
"* * * Two issues are presented by this appeal:
"1. Whether the Appellants in their Complaint violated Wyoming Statute § 1-1-114 (1977) by mentioning a dollar amount in the body of the Complaint; and

shall not resolve these issues because of our treatment of the question of constitutional powers.

In the complaint which was filed in this case the appellant Theresa White twice alleged general damages in the amount of $500,000, and in one paragraph she alleged special damages in the amount of $10,000. In the count of the complaint setting forth the claim of appellant Crawford White he alleged that he had suffered a loss and injury in the amount of $200,000. The appellees Alan M. Fisher and Phillip Gilbertson did not attack the allegation of monetary damages in their answer. In the separate answer of Lutheran Hospital and Homes Society of America, Inc., a motion to dismiss the complaint "on the ground and for the reason that same fails to state a claim upon which relief can be granted" was incorporated. Another paragraph of the motion described the failure to comply with § 1-1-114, W.S.1977, because dollar amounts were alleged in the ad damnum clause of the complaint. Thereafter the appellants moved to amend the pleadings by deleting the dollar amount allegations, and after the motion to dismiss had been set for hearing the appellees Fisher and Gilbertson filed a motion to dismiss simply stating that they joined in the motion previously submitted by the hospital.

At the hearing on the motion to dismiss the attorney for the appellants stated to the court that the complaint was prepared hurriedly because the statute of limitations was about to run with respect to the claims of the appellants. The attention of the court was called to the motion to amend the complaint, and a suggestion also was made that perhaps the appropriate remedy was a motion to strike under Rule 12(f), W.R.C.P., because a motion to dismiss under Rule 12(b)(6), W.R.C.P., did not appear to be appropriate. The district judge, in

"2. Assuming that a violation of the statute occurred, does the District Court have the power to dismiss Appellants' Complaint?"
In the brief of the appellees Alan M. Fisher and Phillip Gilbertson the issue is stated in this way:
"The issue presented for review by this Court is:

comments from the bench, referred to a history of violations of the statute in that district, and, noting that the statute was silent as to a remedy, concluded that the purpose of the statute was to prohibit what was done in this instance. The court then ruled that the motion to dismiss would be granted, and a consistent order was entered on May 10, 1983. The appellants have taken their appeal from that order.

Section 1-1-114, W.S.1977, provides as follows:

"The ad damnum clause or prayer for damages incorporated in a pleading which sets forth a claim for relief based upon personal injury or wrongful death shall not state any dollar amount as alleged damages or demand a sum as judgment other than an allegation that the damages are of an amount necessary to establish jurisdiction of the court. Nothing herein shall be construed to prevent any party from arguing to the court or jury the amount of his claim in money. In all cases the court shall inform the jury of the consequences of its verdict."

We could address the issues posed by the parties by a construction of this statute leading to the conclusion that in this instance it was not violated because the allegation of any dollar amount was not in the concluding prayer for relief, which some authorities would specify as the ad damnum clause or prayer for damages. *Jones v. Clark*, Wyo., 418 P.2d 792 (1966); *Bentley v. Jenne*, 33 Wyo. 1, 236 P. 509 (1925); *United States Fidelity & Guaranty Company v. Nash*, 20 Wyo. 65, 124 P. 269 (1912). Alternatively the issues could be addressed by examining the issues in the light of the appropriate functions of Rules 12(b)(6) and (f) and 41(b) of the Wyoming Rules of Civil Procedure. We then could hold dismissal in an instance such as this is too drastic a remedy, and the court should

"WHETHER THE DISTRICT COURT ACTED PROPERLY IN DISMISSING APPELLANTS' COMPLAINT FOR FAILURE TO COMPLY WITH W.S. § 1-1-114."

have ordered the offending allegations stricken and afforded the plaintiffs an opportunity to amend. We perceive those solutions, however, as simply inviting the legislature to make some appropriate adjustment in the language of the statute. Because of the premise on which we dispose of this case that would be a futile exercise.

■ Even though these parties have not raised the question of constitutionality, this court has the power to dispose of that question:

"We are not a bit concerned that the matter of judicial estoppel was not raised in the lower court or argued by either of the parties. This court has superintending control over all the courts of the state [citing § 2, Art. 5, Wyoming Constitution] and the Wyoming judicial system in general. It is our duty to protect its integrity and prohibit dealing lightly with its proceedings. We are at liberty to decide a case upon any point which in our opinion the ends of justice require [*State Highway Commission v. Triangle Development Company*, Wyo., 369 P.2d 864 (1962), on rehearing 371 P.2d 408], particularly on a point so fundamental that we must take cognizance of it. [*Oedekoven v. Oedekoven*, Wyo., 538 P.2d 1292, 1295 (1975)]." *Allen v. Allen*, Wyo., 550 P.2d 1137, 1142 (1976).

■ We recognize the principle articulated in *Washakie County School District Number One v. Herschler*, Wyo., 606 P.2d 310 (1980), cert. denied 449 U.S. 824, 101 S.Ct. 86, 66 L.Ed.2d 28 (1980):

"Courts have a duty to uphold the constitutionality of statutes which the legislature has enacted if that is at all possible, and any doubt must be resolved in favor of constitutionality. *Witzenburger v. State*, Wyo.1978, 575 P.2d 1100, 1112; *Lund v. Schrader*, Wyo.1971, 492 P.2d 202, 206. Though the supreme court has the duty to give great deference to legislative pronouncements and to uphold constitutionality when possible, it is the court's equally imperative duty to declare a legislative enactment invalid if it

transgresses the state constitution. *Witzenburger*, supra, 575 P.2d at 1114. In our consideration of this case, we have consistently kept these basic principles in mind to avoid a declaration of unconstitutionality—but doubt is not present."

We also are cognizant of our duty in any case in which the constitutionality of a statute is in issue:

"It is this court's obligation to make sense out of a statute and give full force and effect to the legislative product. *Yeik v. Department of Revenue and Taxation*, Wyo., 595 P.2d 965 (1979). In construing statutes the intention of the law-making body must be ascertained from the language of the statute as nearly as possible. *Wyoming State Treasurer v. City of Casper*, Wyo.1976, 551 P.2d 687. We must not give a statute a meaning that will nullify its operation if it is susceptible of another interpretation." *McGuire v. McGuire*, Wyo., 608 P.2d 1278, 1283 (1980).

Even with these concepts before us we are compelled to consider the constitutionality of the statute in this instance because of its apparent infringement upon the doctrine of separation of powers.

■ The procedural tenor of the statute is perhaps best recognized by treating with the manner in which it conflicts with several rules of this court. Rule 8(a), W.R.C.P., requires a pleading which sets forth a claim to contain a short and plain statement of the claim, demonstrating that the parties are entitled to relief, and a demand for judgment for the relief claimed. The general rule is that in order to allege facts sufficient to constitute a cause of action a pleading normally must set out the amount of damages sustained in either a definite amount or afford a basis on which they may be estimated. See 25 C.J.S. Damages § 130(a), p. 1175, and cases cited therein. Rule 54(c), W.R.C.P., dealing with default judgments, provides for the entry of default but it shall not be different in kind from or exceed in amount that prayed for, and in order to apply that rule the allegation of money damages is required. Rule

9(g), W.R.C.P., requires the specific statement of items of special damages claimed. See *Hein v. Marcante*, 57 Wyo. 81, 113 P.2d 940 (1941); *Henderson v. Coleman*, 19 Wyo. 183, 115 P. 439 (1911). We also note that the official forms which accompany the Wyoming Rules of Civil Procedure reflect that specific money amounts for damages are to be included.

■ Article V, § 2 of the Constitution of the State of Wyoming, provides:

"The supreme court shall have general appellate jurisdiction, co-extensive with the state, in both civil and criminal causes, and shall have a general superintending control over all inferior courts, under such rules and regulations as may be prescribed by law."

The general superintending control over all inferior courts granted to the supreme court by that provision encompasses the authority to prescribe rules of practice and procedure in those courts. More than fifty years ago this court, relying upon previous decisions, concluded "that the power of this court to control the course of litigation in the trial courts of this state is quite plenary." *State ex rel. Jones v. District Court of Ninth Judicial Dist.*, 37 Wyo. 516, 263 P. 700, 703 (1928). In *Petersen v. State*, Wyo., 594 P.2d 978, 981 (1979), this position was reiterated, and we also said:

"The Wyoming Constitution provides in Article V, Section 2, that the supreme court 'shall have a general superintending control over all inferior courts under such rules and regulations as may be prescribed by law.' It is well recognized that in this jurisdiction the courts have inherent rights to prescribe rules, being limited only by their reasonableness and conformity to constitutional and legislative enactments. *State ex rel. Frederick v. District Court*, Wyo., 399 P.2d 583, 584 (1965), and cases cited. The legislative enactments referred to include those that deal with the substantive rights of persons or the jurisdiction of the court. Matters dealing with procedure, particularly in the minor courts, are entirely within the province of this court."

Even more recently we reaffirmed the inherent right of courts to prescribe rules. *Barnes v. State*, Wyo., 642 P.2d 1263, 1266 (1982).

■ Both this constitutional provision affording full authority to this court over rules of practice and the inherent power of courts to prescribe rules are recognized by statute in Wyoming. Section 5–2–114, W.S.1977, provides:

"The supreme court of Wyoming may from time to time adopt, modify and repeal general rules and forms governing pleading, practice and procedure, in all courts of this state, for the purpose of promoting the speedy and efficient determination of litigation upon its merits."

We have made it clear that this statute only supplements the constitution and does not constitute a delegation of rule-making authority from the legislature:

"The State suggests, however, that this court issues rules of practice and procedure through authority delegated by the legislature and, therefore, in the case of conflict between our rules and the statutes, the statutes control, citing a portion of 2 Sutherland, Statutory Construction, § 36.06 (1973). In a more pertinent portion of the same section the editor observes:

" 'Where there is constitutional authority for the judicial department of government to issue rules of practice and procedure or if, in the absence of a constitutional provision, such authority is assumed to be an inherent part of the judicial power, then courts which exercise such authority may be regarded as the legislative authority of the state having jurisdiction to "enact" law on that subject, just as the legislature makes law on the subjects entrusted to its jurisdiction. The rules issued under those circumstances have stature in the hierarchy of law comparable to that of statutes enacted by the legislature, and acts of the legislature on the subject of judicial practice and procedures in such states are invalid for lack of constitutional jurisdiction in the legislature to make such

laws on that subject.' " *Petersen v. State*, Wyo., 594 P.2d 978, 981–982 (1979).

Section 5–2–115, W.S.1977, clearly limits the rule-making power of the court to procedural matters. That statute provides:

"(a) Such rules may govern:

"(i) The forms of process, writs, pleadings and motions and the subjects of parties, depositions, discovery, trials, evidence, judgments, new trials, provisional and final remedies and all other matters of pleading, practice and procedure; and

"(ii) Any review of or other supervisory proceedings from the judgment or decision of any court, board, officer, or commission when such review is authorized by law.

"(b) Such rules shall neither abridge, enlarge nor modify the substantive rights of any person nor the jurisdiction of any of the courts nor change the provisions of any statute of limitations."

With respect to this provision, the court has earlier said:

"We are empowered to make rules that are procedural in nature. \* \* \* We cannot by rule in any way change substantive rights or enlarge the jurisdiction of any court."

and:

"To do so would be to usurp a power clearly vested in the legislature. This court cannot legislate by repealing that section." *McGuire v. McGuire*, Wyo., 608 P.2d 1278, 1290 (1980).

▮ As noted earlier in connection with the conflict with other rules, the prescription of the form and content of pleadings which are to be filed in Wyoming courts is a procedural, not a substantive, matter. The form and content of pleadings is a function which the constitution ascribes to the Supreme Court of Wyoming. Article II, § 1 of the Constitution of the State of Wyoming provides:

"The powers of the government of this state are divided into three distinct departments: The legislative, executive and judicial, and no person or collection of persons charged with the exercise of powers properly belonging to one of these departments shall exercise any powers properly belonging to either of the others, except as in this constitution expressly directed or permitted."

The legislature is thus effectively prohibited from enacting statutes specifying the content of or foreclosing material from pleadings.

▮ It is our conclusion that § 1–1–114, W.S.1977, is unconstitutional in the present form. Further we perceive that in any form it would constitute an attempt to prescribe the content of pleadings, a procedural function. The statute is a clear infringement upon the constitutional and inherent power of this court to make rules. We hold that so much of § 1–1–114, W.S.1977, as provides:

"The ad damnum clause or prayer for damages incorporated in a pleading which sets forth a claim for relief based upon personal injury or wrongful death shall not state any dollar amount as alleged damages or demand a sum as judgment other than an allegation that the damages are of an amount necessary to establish jurisdiction of the court. Nothing herein shall be construed to prevent any party from arguing to the court or jury the amount of his claim in money. \* \* \*"

is unconstitutional. This holding leaves unaffected the last sentence of the statute, which says:

"In all cases the court shall inform the jury of the consequences of its verdict."

The judgment of the district court is reversed, and the case is remanded for further proceedings in accordance with this opinion.