**STATE of Maine**

v.

**David A. GILMAN.**

Supreme Judicial Court of Maine.

Argued Jan. 23, 1985.

Decided March 29, 1985.

David W. Crook, Dist. Atty., John Alsop (orally), Asst. Dist. Atty., Skowhegan, for plaintiff.

Shiro & Shiro, Burton G. Shiro, Louis J. Shiro (orally), Waterville, for defendant.

Before McKUSICK, C.J., and ROBERTS, VIOLETTE, WATHEN, GLASSMAN and SCOLNIK, JJ.

VIOLETTE, Justice.

After a jury waived trial in the Superior Court, Somerset County, the defendant was convicted of operating after suspension, 29 M.R.S.A. § 2184 (Supp.1984). The primary issue presented to this Court on appeal is whether the trial court committed reversible error by denying the defendant the right to present closing argument. We conclude that the trial court did improperly deny the defendant the right to present

summation. Accordingly, we sustain the appeal.

## I.

At the defendant's trial, after the last witness had testified, the following exchange took place:

DEFENSE COUNSEL: That's all. The Defense rests, Your Honor.

THE COURT: Does the State have anything else?

STATE'S ATTORNEY: Could I have just one second, Your Honor?—(Pause) I have nothing further, Your Honor. I rest finally.

THE COURT: The Court finds the Defendant guilty. [Does the State] wish to be heard regarding sentence?

The prosecutor then made some remarks regarding sentencing. At the close of the prosecutor's comments, this further discussion occurred:

THE COURT: [The defense]?

DEFENSE COUNSEL: Of course, I would have preferred to have argued before the Court found Mr. Gilman guilty.

THE COURT: Well, of course—

DEFENSE COUNSEL: But there's no sense in arguing. . . .

The attorney for the defendant then made some remarks concerning sentencing, and the presiding justice sentenced the defendant.

The defendant subsequently moved for a new trial on the grounds that the evidence was insufficient to support his conviction and that the court denied him the right to present summation through his attorney at trial. The presiding justice offered to vacate the finding of guilty and reopen the case for closing argument. The defendant, however, refused this offer and continued his request for either acquittal or a new trial.[1] The presiding justice then denied the defendant's motion.

## II.

 On appeal, the defendant again challenges the sufficiency of the evidence presented at trial. We examine this issue first because, if the evidence was insufficient to support the defendant's conviction, he is entitled to an acquittal. After a careful review of the record, we find that "a trier of fact, resolving all discrepancies in the evidence in favor of the State, rationally could [have found] the essential elements of the offense charged beyond a reasonable doubt." *State v. Hebert*, 480 A.2d 742, 746 (Me.1984). Accordingly, the evidence presented at trial was legally sufficient to support the defendant's conviction for operating after suspension.

## III.

 A defendant in a criminal trial, whether it is before a jury or jury waived, has the right to present closing argument, either himself or through counsel, on the evidence and the applicable law, regardless of how clear and conclusive the evidence may appear to be. *Herring v. New York*, 422 U.S. 853, 858–59, 95 S.Ct. 2550, 2553–54, 45 L.Ed.2d 593 (1975); *State v. Mann*, 361 A.2d 897, 904 (Me.1976); see M.R. Crim.P. 30(a). "This is a fundamental right going to the very essence of the fairness of court hearings and its deprivation constitutes error of constitutional dimension."[2] *Mann*, 361 A.2d at 904; see *Herring*, 422 U.S. at 858–61, 95 S.Ct. at 2553–55. Al-

---

1. Pursuant to M.R.Crim.P. 29(b), the trial court construed the defendant's motion for a new trial to include a motion for judgment of acquittal as an alternative.

2. The right to present closing argument is traceable to the sixth amendment of the United States Constitution, which is binding upon the states through the fourteenth amendment, and to article I, section 6 of the Maine Constitution. *See Herring*, 422 U.S. at 856–58, 95 S.Ct. at 2552–53; *Mann*, 361 A.2d at 904. The sixth amendment, in pertinent part, provides: "In all criminal proceedings, the accused shall enjoy the right ... to have the Assistance of Counsel for his defense." U.S. Const. amend. VI. Article I, section 6, in pertinent part, provides: "In all criminal prosecutions, the accused shall have a right to be heard by himself and his counsel, or either, at his election...." Me. Const. art. I, § 6.

though the presiding justice can properly control the scope of closing argument, he has no discretion as to whether to allow summation by the defense. *Herring,* 422 U.S. at 862–63, 95 S.Ct. at 2555–56; *Mann,* 361 A.2d at 904–05.

 Nevertheless, the defense may waive its right to present summation. *See Herring,* 422 U.S. at 860, 95 S.Ct. at 2554 (quoting *Yopps v. State,* 228 Md. 204, 207, 178 A.2d 879, 881 (1962)); *United States v. Spears,* 671 F.2d 991, 992–94 (7th Cir.1982); *Mann,* 361 A.2d at 905. The waiver of closing argument can be a matter of trial strategy. *See Spears,* 671 F.2d at 993 (citing *United States ex rel. Spears v. Johnson,* 463 F.2d 1024, 1026 (3d Cir.1972)); *Mann,* 361 A.2d at 905.

 In the absence of a waiver, the denial of the right to present closing argument *"must* result in reversal of the conviction *without regard to whether the defendant was prejudiced." Spears,* 671 F.2d at 992 (citing *Herring,* 422 U.S. at 864, 95 S.Ct. at 2556). (emphasis added). Such deprivation by the court "is *legally presumed* to result in prejudice." *Strickland v. Washington,* —— U.S. ——, ——, 104 S.Ct. 2052, 2067, 80 L.Ed.2d 674, 696 (1984) (citing *United States v. Cronic,* —— U.S. ——, —— n. 25, 104 S.Ct. 2039, 2047 n. 25, 80 L.Ed.2d 657, 668 n. 25 (1984)); *see United States v. Hoffman,* 733 F.2d 596, 604 n. 4 (9th Cir.1984) (denial of right to present closing argument cannot be harmless error); *Adams v. Balkcom,* 688 F.2d 734, 739 n. 1 (11th Cir.1982) (no showing of prejudice is required).

We observe that our decision today overrules the position we took in *State v. Mann* on the issue of prejudice to the defendant from the denial of the right to present summation. In *Mann,* we indicated that a defendant might not be prejudiced by the denial of the right to present closing argument, and, further, that we might be more willing to find a waiver of this right in the absence of prejudice to the defendant. 361 A.2d at 905; *see Spears,* 671 F.2d at 994 (criticizing this aspect of the *Mann* decision). In accordance with the federal authorities cited *supra,* we now hold that the denial of the right to present summation is *per se* prejudicial to the defendant.

 In the case at bar, the presiding justice found the defendant guilty without affording the defendant or his attorney the opportunity for closing argument. Because "the announcement of the verdict [came] on the heels of the close of evidence," it would be "unrealistic" to find a waiver of the right to present summation. *Spears,* 671 F.2d at 994. Accordingly, we find that the trial court deprived the defendant of his constitutional right to present closing argument, and that this deprivation was *per se* prejudicial to the defendant.

 Furthermore, we determine that the trial court's offer to vacate the judgment and reopen the case for final argument at the hearing on the motion for a new trial was an inadequate cure for the error committed. The opportunity for such belated argument does not satisfy the constitutional guarantee that a criminal defendant may present summation. *See United States v. Walls,* 443 F.2d 1220, 1223–24 (6th Cir.1971).[3]

 The error below can be remedied only by a new trial before a new trier of fact, with the opportunity for closing argument *before* the trier of fact renders a decision. Accordingly, we vacate the defendant's conviction and remand the matter to the Superior Court.

---

**3.** In *Walls,* the trial court also announced a finding of guilty immediately after the presentation of all the evidence. 443 F.2d at 1223. Defense counsel called the omission of closing argument to the court's attention, and the court reopened the case. *Id.* At that point, however, the trial judge told counsel that argument would be pointless because he had made up his mind. *Id.* The court of appeals determined that "the [trial] court correctly stated that argument then would be futile...." *Id.* Accordingly, the court of appeals reversed the judgment and remanded for a new trial. *Id.* at 1224.

The entry is:

Judgment vacated.

Remanded to the Superior Court for further proceedings consistent with the opinion herein.

All concurring.