Michael HERDT, Appellant (Defendant),

v.

The STATE of Wyoming,
Appellee (Plaintiff).

No. 90–136.

Supreme Court of Wyoming.

Sept. 11, 1991.

Public Defender Program, Leonard D. Munker, State Public Defender, Steven E. Weerts, Sr. Asst. Public Defender, and David Gosar, Appellate Counsel, Cheyenne, for appellant.

Michael Herdt, appellant, pro se.

Joseph B. Meyer, Atty. Gen., Sylvia Lee Hackl, Deputy Atty. Gen., and Karen A. Byrne, Sr. Asst. Atty. Gen., Cheyenne, for appellee.

Before URBIGKIT, C.J., and THOMAS, CARDINE, MACY and GOLDEN, JJ.

GOLDEN, Justice.

Appellant Michael Herdt appeals his conviction of first degree sexual assault.[1] Although he assigns as errors a pretrial ruling allowing the prosecution's use in rebuttal of prior bad acts evidence, ineffective assistance of trial counsel, and the trial court's failure to hold a hearing on his trial counsel's pretrial motion to withdraw, we must take the extraordinary step of deciding this appeal on the basis of an issue raised neither below nor here. That issue is whether the trial court abridged appellant's fundamental right to make a closing summary of the evidence to the trier of the facts.

## FACTS

For several years before February 22, 1989, the date of the alleged sexual assault, the complaining witness had been friends with appellant and his wife. Appellant had been a close friend of the complaining witness' first husband. Following the latter's untimely death, the complaining witness

---

1. **§ 6–2–302. Sexual assault in the first degree.**

(a) Any actor who inflicts sexual intrusion on a victim commits a sexual assault in the first degree if:

(i) The actor causes submission of the victim through the actual application reasonably calculated to cause submission of the victim, of physical force or forcible confinement.

**§ 6–2–306. Penalties for sexual assault.**

(a) An actor convicted of sexual assault * * * shall be punished as follows:

(i) Sexual assault in the first degree is a felony punishable by imprisonment of not less than five (5) years nor more than fifty (50) years.

W.S. 6–2–302(a)(i) and 6–2–306(a)(i) (June 1988 Repl.).

and appellant and his wife consoled one another.

With respect to the facts and circumstances surrounding appellant's alleged sexual assault on the complaining witness, in opening statement to the jury and in the testimony of witnesses in its case in chief, the prosecution alleged that appellant on many previous occasions had made sexual advances toward the complaining witness which she resolutely rejected; that on the day of the alleged assault appellant entered her house uninvited and unannounced, surprised her as she was taking a shower, forced her into a bedroom and sexually assaulted her without consent.

In contrast, appellant's trial counsel, in opening statement, in cross-examination of the complaining witness, and in direct examination of defense witnesses focused on the admitted friendships and suggested the existence of an ongoing, intimate relationship between them. Appellant claimed the two engaged in a three-hour period of card playing during the time when the alleged assault occurred, asserted the complaining witness had drunk a large quantity of alcohol when they were together that day, noted that her body bore no objective signs of physical force—no bruises or abrasions or lacerations, and raised doubts about the complaining witness' credibility in her explanation of her relationship with appellant and what they did on the day in question.

After opening statements, the trial court told the jury that the prosecution and the defense stipulated that intrusion, one of the two key elements of the crime charged, had occurred. Given that stipulation, the only element remaining for trial was lack of consent. As to the element of lack of consent, however, the trial court had held in a pretrial ruling that if the defense in its case in chief raised the issue of consent, then the prosecution could introduce evidence of appellant's prior bad acts in rebuttal.

Following the state's presentation of its case in chief, defense trial counsel called several witnesses, the thrust of whose testimony was the friendship and suggested intimate relationship between the complain-

ing witness and appellant. Appellant did not testify.

After the defense rested, the prosecution tried to introduce evidence of appellant's prior bad acts, explaining the defense had raised the issue of consent in its case in chief. In the trial court's opinion, however, the defense had not raised that issue. Defense trial counsel agreed. Consequently, the trial court ruled the prosecution could not introduce the prior bad acts evidence. In its next breath following that ruling, however, the trial court also ruled that defense trial counsel was not to argue the issue of consent in closing argument. The trial judge explained that defense trial counsel could argue that the complaining witness was not believable, "but there has been no evidence presented that there was consent in any way. * * * So there won't be any argument on that either."

The jury returned a verdict of guilty. The trial court sentenced appellant to a term of not less than ten nor more than fifteen years in the state penitentiary, with credit given for time served awaiting trial. Appellant appealed.

■ During appellate argument, appellant's counsel suggested the trial court erred in its closing argument ruling. After argument, appellate counsel moved to permit briefing and submission of that issue. We so ordered. For reasons unknown to us, the parties chose not to brief and submit on that issue. In our review of this case, however, we believe that issue, in the factual context of this case, directly involves appellant's fundamental rights of receiving effective assistance of counsel and a fair trial. Consequently, we are obligated to take cognizance of it. *White v. Fisher*, 689 P.2d 102, 105 (Wyo.1984); W.R.A.P. 7.05.

## DISCUSSION

■ In past decisions of this court, we have discussed the subject of closing argument in the context of prosecutorial misconduct. *See e.g., McLaughlin v. State*, 780 P.2d 964, 967–72 (Wyo.1989) and cases cited therein. In a consistent line of cases

from *Jones v. State*, 580 P.2d 1150, 1154 (Wyo.1978) to *McLaughlin*, we have made clear "[t]he right with which we are concerned is the fundamental right to a fair trial, free from tainted argument." In *Wheeler v. State*, 691 P.2d 599, 605 (Wyo. 1984), this court said: "The purpose of closing arguments is to allow counsel to offer ways of viewing the significance of the evidence * * * submitted to the jury; counsel may review the evidence and offer to the jury inferences based thereon." While the scope of permissible argument is a matter for the trial court's sound discretion, the court must avoid subjecting counsel to unreasonable restraint in commenting on and interpreting the evidence in the light most favorable to the represented party. Counsel should be allowed a wide latitude. *State v. Spears*, 76 Wyo. 82, 108, 300 P.2d 551, 561 (1956). Counsel "is entitled to reflect upon the evidence and to draw reasonable inferences from that evidence in order to assist the jury in its function." *Jeschke v. State*, 642 P.2d 1298, 1301–02 (Wyo.1982).

The United States Supreme Court, in *Herring v. New York*, 422 U.S. 853, 95 S.Ct. 2550, 45 L.Ed.2d 593 (1975), struck down a state statute granting a judge in a nonjury criminal trial the power to deny defense counsel final summation on grounds that it denied the accused the assistance of counsel guaranteed by U.S. Const. amend. VI, as applied to the states by the fourteenth amendment. The Court stated:

> [C]losing argument for the defense is a basic element of the adversary factfinding process in a criminal trial. Accordingly, it has universally been held that counsel for the defense has a right to make a closing summation to the jury, no matter how strong the case for the prosecution may appear to the presiding judge.

*Herring*, 422 U.S. at 858, 95 S.Ct. at 2553, 45 L.Ed.2d at 598. The Court added:

> It can hardly be questioned that closing argument serves to sharpen and clarify the issues for resolution by the trier

of fact in a criminal case. For it is only after all the evidence is in that counsel for the parties are in a position to present their respective versions of the case as a whole. Only then can they argue the inferences to be drawn from all the testimony, and point out the weaknesses of their adversaries' positions. And, for the defense, closing argument is the last clear chance to persuade the trier of fact that there may be reasonable doubt of the defendant's guilt. *See In re Winship*, 397 U.S. 358, 90 S.Ct. 1068, 25 L.Ed.2d 368.

*Herring*, 422 U.S. at 862, 95 S.Ct. at 2555, 45 L.Ed.2d at 600.

In *State v. Gilman*, 489 A.2d 1100, 1102 (Me.1985), Maine's highest court relied on *Herring* and reversed a bench trial conviction because the trial judge did not allow the defense to make closing argument. Following federal precedent, that court reversed without regard to whether the defendant was prejudiced. *Gilman*, 489 A.2d at 1103. A court's deprivation of an accused's right to present closing argument "is *legally presumed* to result in prejudice." *Strickland v. Washington*, 466 U.S. 668, 692, 104 S.Ct. 2052, 2067, 80 L.Ed.2d 674, 696 (1984). *See also United States v. Cronic*, 466 U.S. 648, 668 n. 25, 104 S.Ct. 2039, 2047 n. 25, 80 L.Ed.2d 657, 668 n. 25 (1984).

We are mindful of the accused's right to present a closing argument of wide latitude, "no matter how strong the case for the prosecution may appear to the presiding judge," [2] and turn to the trial court's ruling which allowed appellant's defense counsel to argue only the complaining witness' "credibility." Appellant was denied argument on the crucial and only issue in the prosecution's case and the accused's defense, namely, consent. All of the evidence introduced before the jury bore on this single issue. Given the evidence that the complaining witness' body bore no objective signs of physical force—no bruises or abrasions or lacerations; that there was a preexisting friendship and the suggestion

---

**2.** *Herring*, 422 U.S. at 858, 95 S.Ct. at 2553, 45      L.Ed.2d at 598.

of an ongoing intimate relationship; and that there were some inconsistencies or discrepancies in the complaining witness' account of the amount of time she and appellant were together on the day of the alleged assault and of the amount of beer she drank that day, we are at a loss to understand the trial court's ruling. From the foregoing evidence, defense counsel was entitled to argue that the complaining witness' consent to the stipulated intrusion was a reasonable inference that could be drawn. A reading of the transcript of closing argument demonstrates that defense counsel obeyed the trial court's ruling. That ruling was the equivalent of tying one of defense counsel's hands behind his back. All would concede that a one-handed fight is not a fair fight; we hold that this was not a fair trial. The trial court's ruling deprived appellant of his fundamental right to present closing argument. Such deprivation is legally presumed to result in prejudice.

We are able to remedy this error of constitutional dimension only by a new trial before a new trier of fact, with accused being afforded the opportunity for full closing argument. Accordingly, we reverse appellant's conviction and remand to the district court for a new trial.

CARDINE and THOMAS, JJ., file dissenting opinions.

CARDINE, Justice, dissenting.

What is troubling about this case is that it appears that defense counsel was successful in having this case tried in conformance with his strategy for the defense. Thus, it is plain that defendant wished to

  (a) exclude evidence of prior bad acts;
  (b) introduce evidence of consent; and
  (c) not testify himself.

To achieve these benefits, he agreed with the trial judge that consent had not been raised as an issue and effectively agreed not to argue the consent question to the jury.

Strategically, the defense must have thought that it was in the best posture possible. Defendant had not been subject to cross-examination; there was no evidence of prior bad acts; and all evidence of consent by a number of witnesses was before the jury. Defendant's gamble was that the jury would find *from the evidence* that submission did not result from the application of "physical force" as required by W.S. 6–2–302, *i.e.*, that the victim consented. The strategy employed was reasonable under the circumstance. It was a good gamble. Unfortunately, defendant lost. Sometimes that happens.

I would affirm.

THOMAS, Justice, dissenting.

I, too, must dissent from the result reached by the majority opinion. For reasons that for us can only be a matter of conjecture, Herdt, through his counsel, agreed that he had not introduced evidence that would raise the issue of consent in his case-in-chief. That action was taken to prevent the prosecution from introducing evidence of prior bad acts in its rebuttal to the defendant's case-in-chief. Apparently, those prior bad acts would have been so devastating to Herdt's defense that the court's restriction upon any argument of the issue of consent was acceptable to counsel and to Herdt. To adopt a simile of the majority, when the evidentiary ruling was made the prosecution wound up with one hand tied behind its back.

The case is reversed and remanded for a new trial. I assume it is clear to all that the price to Herdt of his victory is that the evidence of the prior bad acts will be received. *Tennant v. State*, 786 P.2d 339 (Wyo.1990). I trust that Herdt has not gained a Pyrrhic victory. It indeed would be ironic if, faced with that prospect, Herdt decided to plead guilty.

I would affirm the judgment and sentence in this case.