**Mark S. SQUILLACE, Appellant (Petitioner–Defendant),**

v.

**Brenda Hale KELLEY, Appellee (Respondent–Plaintiff).**

No. 99–89.

Supreme Court of Wyoming.

Nov. 18, 1999.

Representing Appellant: Tim Newcomb and Maynard D. Grant of Grant & Newcomb, Laramie, Wyoming, and Seattle, Washington.

Representing Appellee: Becky N. Klemt of Pence and MacMillan, Laramie, Wyoming.

Before LEHMAN, C.J., and THOMAS, MACY, GOLDEN, and HILL, JJ.

GOLDEN, Justice.

In this case we shall address the constitutional propriety of the enactment of a statute, Wyo. Stat. Ann. § 1–14–128, by the legislature prescribing a rule of practice and procedure in civil actions. In a civil action seeking a downward modification of child support, the district court, upon motion by the mother, applied the provisions of Wyo. Stat. Ann. § 1–14–128, which prohibit the signing and filing of a "pleading, motion, or other paper" for "any improper purpose." Under the statute, if an attorney or party violates this provision, the court "shall impose ... an appropriate sanction...."

The father, a licensed attorney who was representing himself in seeking the downward modification, had hand-delivered to the district court for filing a copy of a letter he was mailing to the attorney representing his former wife, the mother. The former wife's attorney filed a motion, invoking Wyo. Stat. Ann. § 1–14–128, claiming that the letter copy was an improper ex parte communication to the district court and was interposed in an effort to taint the judicial process. In this motion, the former wife's attorney sought an order striking the letter copy from the court file and imposing costs and attorney's fees and such other sanctions as the court deemed appropriate. After a hearing on the motion and over the father's objection, the district court ruled that the filing of the letter copy was "not proper," ordered the letter copy stricken from the record, and awarded $220.00 in attorney's fees to the former wife's attorney. The father filed a timely appeal.

We hold the statute, Wyo. Stat. Ann. § 1–14–128, to be an invasion of the constitutional powers of the judicial branch of government, and we reverse the district court's order and remand this case for further proceedings in accordance with this opinion.

■ The briefs of the parties in this case focus upon a number of issues.[1] We shall

---

1. Mr. Squillace's brief raises these issues:
 1. Did the sanctions imposed by the district court violate due process?
 2. Did the sanctions imposed by the district court violate Rule 11, Wyoming Rules of Civil Procedure?
 3. Should the award of sanctions be vacated because the proposed Order was an improper *ex parte* communication which violated Rule

3.5 of the Wyoming Rules of Professional Conduct?
 4. Should the proposed Order be vacated as untimely under Rule 58, Wyoming Rules of Civil Procedure, and because the Appellee failed to submit the proposed Order to the Appellant before filing with the Court in violation of that same rule?

Ms. Kelley's brief presents these issues:

not resolve these issues because of our treatment of the question of constitutional powers. Even though the parties have not raised the constitutional question, this Court has the power to dispose of that question. *White v. Fisher*, 689 P.2d 102, 105 (Wyo.1984).

The procedural tenor of Wyo. Stat. Ann. § 1–14–128 (LEXIS 1999) is obvious:

### § 1–14–128. Baseless pleadings.

In any civil action whether based on tort, contract or otherwise, the signature of an attorney or party constitutes a certificate by him that he has read the pleading, motion, or other paper; that to the best of his knowledge, information and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification or reversal of existing law, and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation. If a pleading, motion or other paper is not signed, it shall be stricken unless it is signed promptly after the omission is called to the attention of the pleader or movant. If a pleading, motion or other paper is signed in violation of this section, the court, upon motion or upon its own initiative, shall impose upon the person who signed it, a represented party, or both, an appropriate sanction, which may include an order to pay to the other party or parties up to double the amount of the reasonable expenses incurred by the other party because of the filing of the pleading, motion or other paper including reasonable attorney's fees.

This statute resembles in part W.R.C.P. 11 which provides:

### Rule 11. Signing of pleadings, motions, and other papers; representations to court; sanctions.

(a) *Signature.*—Every pleading, written motion, and other paper shall be signed by at least one attorney of record in the attorney's individual name, or, if the party is not represented by an attorney, shall be signed by the party. Each paper shall state the signer's address and telephone number, if any. Except when otherwise specifically provided by rule or statute, pleadings need not be verified or accompanied by affidavit. An unsigned paper shall be stricken unless omission of the signature is corrected promptly after being called to the attention of the attorney or party.

(b) *Representations to court.*— By presenting to the court (whether by signing, filing, submitting, or later advocating) a pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief formed after an inquiry reasonable under the circumstances:

(1) It is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;

(2) The claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law;

(3) The allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery; and

(4) The denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on a lack of information or belief.

I. Appellant's letter was an improper *ex parte* communication to the district court, and was properly stricken from the court file.

II. The district court did not abuse its discretion in awarding Appellee $220.00 in attorney's fees in connection with her motion to strike Appellant's letter from the court file.

III. Even if Appellant's letter was not an *ex parte* communication, it was an improper attempt to put matters before the district court, other than as allowed by the Wyoming Rules of Civil Procedure and Wyoming Rules of Evidence.

IV. Appellee should be awarded attorney's fees pursuant to Wyoming Rules of Appellate Procedure, Rule 10.05.

(c) *Sanctions.*— If, after notice and a reasonable opportunity to respond, the court determines that subdivision (b) has been violated, the court may, subject to the conditions stated below, impose an appropriate sanction upon the attorneys, law firms, or parties that have violated subdivision (b) or are responsible for the violation.

(1) How initiated.

(A) By motion.—A motion for sanctions under this rule shall be made separately from other motions or requests and shall describe the specific conduct alleged to violate subdivision (b). It shall be served as provided in Rule 5, but shall not be filed with or presented to the court unless, within 21 days after service of the motion (or such other period as the court may prescribe), the challenged paper, claim, defense, contention, allegation, or denial is not withdrawn or appropriately corrected. If warranted, the court may award to the party prevailing on the motion the reasonable expenses and attorney's fees incurred in presenting or opposing the motion. Absent exceptional circumstances, a law firm shall be held jointly responsible for violations committed by its partners, associates, and employees.

(B) On court's initiative.—On its own initiative, the court may enter an order describing the specific conduct that appears to violate subdivision (b) and directing an attorney, law firm, or party to show cause why it has not violated subdivision (b) with respect thereto.

(2) Nature of sanction; limitations.—A sanction imposed for violation of this rule shall be limited to what is sufficient to deter repetition of such conduct or comparable conduct by others similarly situated. Subject to the limitations in subparagraphs (A) and (B), the sanction may consist of, or include, directives of a nonmonetary nature, an order to pay a penalty into court, or, if imposed on motion and warranted for effective deterrence, an order directing payment to the movant of some or all of the reasonable attorney's fees and other expenses incurred as a direct result of the violation.

(A) Monetary sanctions may not be awarded against a represented party for a violation of subdivision (b)(2).

(B) Monetary sanctions may not be awarded on the court's initiative unless the court issues its order to show cause before a voluntary dismissal or settlement of the claims made by or against the party which is, or whose attorneys are, to be sanctioned.

(3) Order. When imposing sanctions, the court shall describe the conduct determined to constitute a violation of this rule and explain the basis for the sanction imposed.

(d) *Inapplicability to discovery.*—Subdivisions (a) through (c) of this rule do not apply to discovery requests, responses, objections, and motions that are subject to the provisions of Rules 26 through 37.

When we make a side-by-side comparison of the statutory and rule provisions, however, we find the latter are more comprehensive than the former in several important particulars. One of those important particulars concerns the motion procedure dealing with sanctions. The statute is silent concerning the procedure to be used by the moving party when raising a violation by motion. In contrast, the provisions of W.R.C.P. 11(c)(1)(A) are specific: the motion for sanctions shall be served as Rule 5 provides "but shall not be filed with or presented to the court unless, within 21 days after service of the motion (or such other period as the court may prescribe), the challenged paper . . . is not withdrawn or appropriately corrected." In the present case, this procedure was not followed.[2]

**2.** December 16, 1998, was the scheduled date on which Mr. Squillace's modification petition was to be heard. On December 2, 1998, he hand-delivered the letter copy in question to the district court. He mailed the original to opposing counsel who received it two days later. On December 7, 1998, opposing counsel filed her motion for sanctions. On December 9, 1998, Mr. Squillace filed his opposition to that motion. On December 16, 1998, the district court heard the attorneys on the motion before proceeding with the hearing on the modification petition. On January 20, 1999, the district court entered its

Another important particular concerns the contents of the order imposing sanctions upon the court's determination that a violation has occurred. Again, the statute is silent on this particular. In contrast, the provisions of W.R.C.P. 11(c)(3) are specific: in the order imposing sanctions, the court must "describe the conduct determined to constitute a violation of this rule and explain the basis for the sanction imposed." In the present case, the order imposing sanctions did not meet these requirements.[3]

Having compared the statutory provisions and the rule provisions, we conclude that the former are inconsistent with the latter. "Statutory provisions shall not apply whenever inconsistent with these rules...." W.R.C.P. 81.

 We now turn to our consideration of the constitutionality of Wyo. Stat. Ann. § 1–14–128 because of its apparent infringement upon the doctrine of separation of powers. Article 2, § 1 of the Constitution of the State of Wyoming provides:

> The powers of the government of this state are divided into three distinct departments: the legislative, executive and judicial, and no person or collection of persons charged with the exercise of powers properly belonging to one of these departments shall exercise any powers properly belonging to either of the others, except as in this constitution expressly directed or permitted.

Article 5, § 2 of the Constitution of the State of Wyoming provides in pertinent part that this Court "shall have a general superintending control over all inferior courts, under such rules and regulations as may be prescribed by law." This general superintending control "encompasses the authority to prescribe rules of practice and procedure in those courts." *White v. Fisher*, 689 P.2d at 106. We have consistently upheld this Court's plenary power to control the course of litigation in the trial courts. *Id.* The legislature recognizes these pertinent constitutional provisions which afford this Court full authority over rules of practice and procedure and the Court's inherent power to prescribe rules. Wyo. Stat. Ann. §§ 5–2–114, 115 (LEXIS 1999). The prescription of the practice and procedure attending the imposition of sanctions for the signing and filing of papers with the courts is a procedural, not a substantive, matter. The legislature is prohibited from enacting statutes pertaining to such matter. *White v. Fisher*, 689 P.2d at 107. In Wyo. Stat. Ann. § 1–14–128, the legislature has impermissibly enacted a statute pertaining to a procedural matter; therefore, we hold that this statute is unconstitutional.

We reverse the order of the district court and remand this case to that court for further proceedings in accordance with this opinion.

---

order which granted the motion and imposed sanctions.

**3.** The order granting the motion and imposing sanctions recites:

> This matter having come on for hearing the 16th day of December, 1998; Petitioner appearing pro se, and Defendant appearing personally and with counsel, Becky N. Klemt of the law firm of Pence and MacMillan; the Court having heard the testimony of the parties and being otherwise fully advised in the premises FINDS AS FOLLOWS:

> 1. That Petitioner's Motion To Strike shall be granted.
> 2. That Respondent shall be awarded $220.00 in sanctions against Petitioner.
> WHEREFORE, IT IS ORDERED, ADJUDGED AND DECREED that Petitioner's Motion to Strike should be, and the same is hereby, granted.
> IT IS HEREBY ORDERED that Respondent shall be awarded $220.00 in sanctions against Petitioner.
> DONE IN OPEN COURT this 19th day of January, 1999....