Donald E. BENDER, Appellant (Plaintiff),

v.

James E. PHILLIPS and John A. Thomas, Appellees (Defendants).

James E. Phillips, Appellant (Defendant),

v.

Donald E. Bender, Appellee (Plaintiff).

Nos. 99–229, 99–232.

Supreme Court of Wyoming.

July 25, 2000.

Rehearing Denied Aug. 22, 2000.

Representing Donald E. Bender: Timothy C. Kingston of Graves, Miller & Kingston, P.C., Cheyenne, Wyoming.

Representing James E. Phillips: Gary B. Ferguson, Evanston, Wyoming; Williams & Hunt, Salt Lake City, Utah.

Representing John A. Thomas: Matthew L. Lalli and Daniel E. Garrison of Snell & Wilmer, L.L.P., Salt Lake City, Utah; V. Anthony Vehar of Evanston, Wyoming.

Before LEHMAN, C.J., and THOMAS, MACY *, GOLDEN, and HILL, JJ.

GOLDEN, Justice.

These consolidated appeals involve issues arising after Appellant Donald E. Bender (Bender) and his wife reconciled and dismissed their divorce action. Bender brought suit against the two attorneys who had represented them, Appellees James E. Phillips (Phillips) and John A. Thomas (Thomas). Summary judgment was granted to both Phillips and Thomas on Bender's claims, and Bender was ordered to pay sanctions to Thomas in the amount of $48,864.99. Phillips also sought sanctions against Bender, but the district court denied him that relief. Bender appeals the district court's order, contending that his claims of fraud and collusion were properly pleaded and supported by sufficient evidence to survive summary judgment. He further contends that the order of sanctions in Thomas' favor, granted under Wyo. Stat. Ann. § 1–14–128, must be reversed to comply with our recent decision finding the statute unconstitutional. In a separate appeal, Phillips contends that the district court's order denying his motion for sanctions should be reversed.

We affirm the district court's order granting summary judgment on Bender's claims, reverse the order for sanctions against Bender, and remand for further consideration in

* Retired June 2, 2000.

light of our decision in *Squillace v. Kelley*, 990 P.2d 497 (Wyo.1999). We also reverse the denial of Phillips' motion for sanctions and remand for further consideration.

## ISSUES

In Case No. 99–229, Bender presents these issues for our review:

1. Did the District Court commit reversible error by failing to consider the Appellant's collusion claim against Appellee Phillips?

2. Did the District Court commit reversible error when it found that the Appellant did not adequately plead his fraud claim against Appellee Phillips?

3. Should Appellee Phillips have been granted summary judgment on the Appellant's fraud claim on the sole basis that Phillips was not required to reveal his former partnership with Appellee Thomas?

4. Did the District Court commit reversible error when it found that all of the Appellant's claims against Appellee Thomas were legal malpractice claims?

5. Did the District Court commit reversible error when it found that the Appellant's claims accrued as of the date his attorney quit representing him?

6. Did the District Court abuse its discretion in awarding attorney's fees and costs to Appellee Thomas?

Phillips states that the issue for our review in Case No. 99–229 is solely whether summary judgment in favor of him on all of Bender's claims was properly granted.

Thomas phrases the issues in Case No. 99–229 as:

1. Did the District Court properly find that there were no disputed issues of material fact in this case and that Appellee and Defendant Thomas was entitled to judgment as a matter of law on all of Appellant and Plaintiff Bender's claims?

2. Alternatively, are there legal grounds not relied upon by the trial court that

would entitle Thomas to judgment on the undisputed facts and upon which this Court may affirm the trial court's grant of summary judgment?

3. Was the District Court within its discretion to award Thomas his fees and costs under Section 1–14–128 of the Wyoming Revised Statutes?

In Case No. 99–232, Phillips presents this issue for our review:

Whether the trial court erred in denying defendant Phillips' Motion for Sanctions for filing a baseless and frivolous Complaint given that the trial court thereafter granted codefendant Thomas' Motion for Sanctions on the same bases in the amount of $48,864.99.

Bender notes that there are two issues in Case No. 99–232 presented for our review:

1. Should the District Court's denial of sanctions be upheld because Wyo.Rev.Stat. § 1–14–128 is unconstitutional?

2. Did the District Court abuse its discretion when it denied the Appellant's motion for sanctions?

## FACTS

Phillips represented Bender's wife in her divorce action against Bender, and Thomas represented Bender. The parties eventually reconciled and remain married today; however, while the action was pending, the parties primarily disputed the value of the couple's Evanston, Wyoming, home and the value of Bender's deceased mother's home in California. Phillips filed a motion for sanctions against Thomas, requested a hearing and, shortly thereafter, Thomas and Phillips negotiated a settlement offer to Bender. The hearing was canceled. The settlement offer was presented to Bender. He rejected the settlement offer and requested that Thomas present a counteroffer. Thomas refused to do so. Thomas withdrew as Bender's lawyer after that rejection, and the divorce proceeding endured

another eight acrimonious months as Bender represented himself for a period of time.

In February of 1996, Bender learned that Thomas and Phillips had been former partners. However, Bender claims that it was not until the summer of 1996, that he learned that the circumstances of Thomas' and Phillips' prior dissolution of their partnership allegedly caused Phillips to unduly influence Thomas in his representation of certain clients and gave rise to his claims against both.

Bender alleges that Thomas and Phillips "colluded" to force Bender to accept an unfavorable settlement that he rejected on its face. Bender claims damages from that alleged "collusion." On March 11, 1998, he filed his original pro se complaint against both lawyers, claiming that after Thomas ceased representation, Bender learned that as a former partner Phillips had the ability to control and malevolently influence Thomas; and that these two lawyers colluded in the settlement scheme to defraud Bender. Bender amended this complaint with additional facts supporting claims of negligence, breach of contract, legal malpractice, fraud, emotional distress, libel, and collusion under Wyo. Stat. Ann. § 33–5–114.[1]

Phillips' motion to dismiss was treated by the district court as a motion for summary judgment, and a hearing was held. The district court granted the motion for summary judgment, ruling that Bender's negligence, breach of contract, and legal malpractice claims were unsustainable because Phillips had no attorney-client relationship with Bender. The district court determined that the fraud claim had not been plead with particularity as required under W.R.C.P. 9(b) and, in any event, Phillips had made no actionable misrepresentation to Bender; Phillips' alleged conduct did not rise to the level of atrocious, utterly intolerable behavior as required to sustain an infliction of emotional distress claim; the libel claim required a showing of a written document containing a

---

1. Wyo. Stat. Ann. § 33–5–114. Penalty for deceit or collusion.

An attorney and counselor who is guilty of deceit or collusion, or consents thereto, with intent to deceive a court or judge, or a party to

an action or proceeding, or brings suit or commences proceedings without authority therefore, is liable to be disbarred, and shall forfeit to the injured party treble damages, to be recovered in a civil action.

defamatory statement, and none had been produced. There was no ruling specifically referencing the collusion claim or Wyo. Stat. Ann. § 33–5–114.

Phillips moved for sanctions against Bender under W.R.C.P. 11 and Wyo. Stat. Ann. § 1–14–128, seeking attorney's fees, costs, and expenses against Bender for bringing a frivolous and baseless complaint. The district court denied his motion. Bender continued to file motions seeking discovery in order to pursue further litigation against Phillips, and Phillips again filed a motion for sanctions. That motion was granted in the amount of $500.00.

Thomas also moved for summary judgment, and the district court granted the motion on the grounds that all claims were legal malpractice claims that had not been filed within two years as required by Wyo. Stat. Ann. § 1–3–107(a)(i). Thomas then moved for sanctions against Bender under Wyo. Stat. Ann. § 1–14–128, and a hearing was held. The district court orally granted the motion at the hearing and subsequently entered a written order awarding attorney's fees, costs, and expenses to Thomas in the amount of $48,864.99.

These appeals followed.

## DISCUSSION

This Court's standard of review of summary judgment is:

> When a motion for summary judgment is before the supreme court, we have exactly the same duty as the district judge; and, if there is a complete record before us, we have exactly the same material as did he. We must follow the same standards. The propriety of granting a motion for summary judgment depends upon the correctness of a court's dual findings that there is no genuine issue as to any material fact and that the prevailing party is entitled to judgment as a matter of law. This court looks at the record from the viewpoint most favorable to the party opposing the motion, giving to him all favorable inferences to be drawn from the facts contained in affidavits, depositions and other proper material appearing in the record.

*Lavoie v. Safecare Health Service, Inc.*, 840 P.2d 239, 241 (Wyo.1992) (quoting *Roth v. First Sec. Bank of Rock Springs*, 684 P.2d 93, 95 (Wyo.1984)).

This Court further maintains:

> A summary judgment should only be granted where it is clear that there are no issues of material facts involved and that an inquiry into the facts is unnecessary to clarify the application of law. A material fact is one which has legal significance. It is a fact which would establish a defense. After the movant establishes a prima facie case the burden of proof shifts to the opposing party who must show a genuine issue of material fact, or come forward with competent evidence of specific facts countering the facts presented by the movant. The burden is then on the nonmoving party to show specific facts as opposed to general allegations. The material presented must be admissible evidence at trial. Conclusory statements are not admissible. We give the party defending the motion the benefit of any reasonable doubt. If the evidence is subject to conflicting interpretations or if reasonable minds might differ, summary judgment is improper.

*Id.* "In a summary judgment context, we will not disturb the trial court's judgment if it is sustainable on any theory." *Id.* (citing *DeWald v. State*, 719 P.2d 643, 650–51 (Wyo. 1986)).

■ We apply an abuse of discretion standard in reviewing an award of sanctions. *Meyer v. Mulligan*, 889 P.2d 509, 517 (Wyo. 1995). We recently defined discretion as:

> Judicial discretion is a composite of many things, among which are conclusions drawn from objective criteria; it means a sound judgment exercised with regard to what is right under the circumstances and without doing so arbitrarily or capriciously.

*Vaughn v. State*, 962 P.2d 149, 151 (Wyo. 1998) (quoting *Martin v. State*, 720 P.2d 894, 897 (Wyo.1986)).

### Case No. 99–229—Fraud and Collusion.

Bender limits his challenge of the summary judgment to the district court's disposal of his fraud and collusion claims. He submits that the gravamen of his collusion claim was that Phillips and Thomas conspired to present Bender with a disadvantageous financial settlement in his divorce proceedings. Bender's complaint alleged that 1)

on February 13, 1996, Phillips and Thomas, as undisclosed law partners, met secretly and willfully to develop a plan to force Bender into an economically disadvantageous settlement agreement; 2) on February 20, 1996, Thomas, acting on the basis of the secret plan with Phillips, presented the disadvantageous settlement agreement to Bender; 3) when Bender refused to accept the settlement agreement as proposed to him and insisted on a counteroffer Thomas threatened to withdraw; 4) Thomas did in fact withdraw two days later; 5) prior to the secret negotiations Phillips filed a frivolous sanctions motion against his former partner which further served to provide Phillips the leverage to induce Thomas to engage in the alleged collusive conduct; and 6) the defendants are therefore liable under the collusion statute, Wyo. Stat. Ann. § 33-5-114.

Bender contends that the district court's failure to address the collusion claim requires reversal as no other grounds support it and he submitted sufficient evidence to survive summary judgment. Phillips contends that "collusion" is not a recognized cause of action in Wyoming, but if considered, argues that there is no evidence in the record, by affidavit or otherwise, that there was ever any agreement between Phillips and Thomas for any purpose, including to defraud Bender.

■ Our review of the district court's decision letter indicates that it considered the fraud and collusion claims as one actionable claim. Whether this is proper need not be decided because our review does not indicate that Bender has submitted sufficient evidence that the two attorneys agreed to defraud him[2] to survive summary judgment. He claims that he "showed the Court the reasons why his attorney might be unduly influenced by his adversary; he showed the circumstances of their collusion; he showed how the collusion produced the disadvantageous settlement agreement; and he showed the effects of his rejection of the agreement on his attorney and on the progress of his divorce case."

■ Bender's summary judgment materials showed that Phillips and Thomas had a previous partnership, Phillips filed a sanctions motion against Thomas that was withdrawn, the two attorneys negotiated a settlement agreement that Bender rejected, and Thomas withdrew his representation of Bender. Bender characterizes these facts as "collusion" that destroyed his reputation in the community; however, his characterization is a conclusive allegation unsupported by the specific facts required to survive summary judgment. *Brooks v. Zebre*, 792 P.2d 196, 202 (Wyo.1990). Bender could survive summary judgment if these facts logically and reasonably lead to the conclusion that an agreement must have existed. Under our applicable standard of review, we are required to view the record from the perspective most favorable to the party opposing the motion, giving to him all favorable inferences to be drawn from the facts. This review, however, is limited by the substantive law that actions sounding in fraud, whatever the basis, must be plead with particularity and proved by clear and convincing evidence. *See Sundown, Inc. v. Pearson Real Estate Co.*, 8 P.3d 324, 330–331, 332 (Wyo.2000); *Snyder v. Lovercheck*, 992 P.2d 1079, 1089 (Wyo.1999); *Richey v. Patrick*, 904 P.2d 798, 801–02 (Wyo.1995). An action for fraud is not sustainable on the basis of what you believe you know, but by what you can prove.

Accordingly, in order to survive summary judgment on his collusion claim, Bender was required to submit evidence of an agreement between Phillips and Thomas to defraud him or injure his reputation or evidence from which one could logically and reasonably infer from the established facts that an agreement existed. No such showing has been made, either directly or by inference, and we affirm the district court's order granting summary judgment to Phillips.

Next, Bender contends that the district court erred in applying the statute of limita-

---

**2.** Bender advises us that "Black's Law Dictionary, Fifth Edition; defines 'collusion' as: 'An agreement between two or more persons to defraud a person of his rights by the forms of law, or to obtain an object forbidden by law. It implies the existence of fraud of some kind, the employment of fraudulent means or of lawful means for the accomplishment of any unlawful purpose.' (citing *Tomiyasu v. Golden*, 81 Nev. 140, 400 P.2d 415, 417 (1965))." For purposes of this appeal, we accept his definition.

tions for legal malpractice claims to his fraud and collusion claims against Thomas. Again, we need not decide this precise issue because we affirm the district court's order granting summary judgment for the same reasons just advanced; Bender has failed to submit sufficient evidence of fraud or collusion.

### Case No. 99–229—Order Granting Thomas' Sanctions Against Bender.

■ Thomas requested sanctions under Wyo. Stat. Ann. § 1–14–128, and the district court so ordered. In *Squillace v. Kelley*, 990 P.2d 497 (Wyo.1999), this Court declared the statute unconstitutional as an invasion of the constitutional powers of the judicial branch of government. *Id.* at 501. *Squillace* reversed an order for sanctions and remanded for further proceedings in accordance with the opinion. *Id.* Bender contends that because the sanctions were issued in this case in reliance upon an unconstitutional statute, the order must be reversed. We reverse the order for sanctions and remand to the district court for further consideration in light of our decision in *Squillace*.

The district court's order granting summary judgment in Case No. 99–229 is affirmed in part, reversed in part, and remanded.

### Case No. 99–232—Order denying Phillips' Sanctions Against Bender.

In its decision letter, the district court stated that it was denying Phillips' motion for sanctions because Bender's complaint was without merit, but not baseless, frivolous, or brought for an improper purpose. During the hearing to consider Thomas' motions for sanctions against Bender, the district court stated:

> I was willing to give you the benefit of the doubt, I guess, earlier when this case was presented with sanctions, but you have persisted, and I can only believe that you do have an improper purpose here. The facts are not with you, the law is not with you. It seems that you are on this crusade to simply harass and punish Mr. Phillips and – and Mr. Thomas as we're discussing here today, and it seems to me that for entirely improper purposes.

The district court then granted Thomas over $48,000 in attorney's fees, costs and expenses. Phillips contends that the two cases are indistinguishable and denying his motion for sanctions was arbitrary and capricious. He claims that the unconstitutionality of Wyo. Stat. Ann. § 1–14–128 is irrelevant because he also requested sanctions under W.R.C.P. 11. That rule, he contends, also permits sanctions for actions that are frivolous, oppressive, and without basis in law or fact.

■ We are persuaded that Bender's actions against Phillips and Thomas are indistinguishable, as apparently the district court also found, and it was, therefore, inconsistent to find the action baseless and submitted for an improper purpose for one attorney and reach the opposite conclusion for the other attorney. We find the district court abused its discretion because its inconsistency is arbitrary and capricious. We reverse the order denying Phillips' motion and remand for further consideration.