**VAl STREETER, Plaintiff,**

v.

**AMEREQUIP CORPORATION, and John Doe 1–10, Real Names Unknown, Defendants.**

No. 96–CV–146–J.

United States District Court, D. Wyoming.

June 26, 1997.

Henry F. Bailey, Jr., Robert G. Pickering, Bailey, Pickering & Stock, Cheyenne, WY, James A. Eddington, Jones, Eddington & Weaver, Torrington, WY, Robert G. Pahlke, Van Steenberg, Chaloupka, Mullin, Holyoke, Pahlke, Smith, Scottsbluff, NE, for Plaintiff.

John D. Rossetti, Bussart, West, Rossetti, Piaia & Tyler, Rock Springs, WY, Curtis B. Buchhammer, Orr, Buchhammer & Kehl, Cheyenne, WY, for Defendants.

## ORDER DENYING DEFENDANT AMEREQUIP CORPORATION's MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION

JOHNSON, Chief Judge.

The Motion to Dismiss for Lack of Subject Matter Jurisdiction filed by defendant, Amerequip Corporation, and the plaintiff's opposition thereto, came before the Court for consideration, having been submitted to the Court upon briefs of the parties. The Court, having considered the motion and response, and being fully advised in the premises, FINDS and ORDERS as follows:

### Background

The incident giving rise to this action occurred on November 8, 1992. In that accident, plaintiff became entangled in a posthole digger auger that was designed and manufactured by defendant. Her physical injuries were catastrophic. Her complaint asserts products liability claims for the personal injuries she suffered in that accident. The background of this case is also described in the Court's previous Order Denying Defendant Amerequip Corporation's Motion for Summary Judgment.

Plaintiff's employer had workers' compensation insurance for its employees. Following the accident, plaintiff received the benefits of that coverage. As of the date of filing of the plaintiff's response to the motion, the

Wyoming workers' compensation lien was approximately $269,767.00.

Plaintiff asserts that less than a year after the injury, she was interviewed by one of the defendant's insurers. During that interview, plaintiff disclosed that she was receiving workers' compensation benefits from the State of Wyoming. She has also been in regular contact with her workers' compensation case manager with the Wyoming Department of Employment and advised him that the instant action against the manufacturer of the product was being pursued.

Plaintiff's complaint was filed on July 3, 1996 and was served on defendant, who acknowledged receipt on July 9, 1996. On August 1, 1996, defendant appeared and answered the complaint, admitting jurisdiction and failing to assert any defenses claiming defects in service, process or any failure to notify the Attorney General for the State of Wyoming or the Department of Employment, pursuant to Wyo. Stat. § 27–14–105, of the commencement of the instant action. An amended complaint was filed July 17, 1996, and served on defendant by certified mail, return receipt requested, on July 25, 1996, with receipt acknowledged on August 29, 1996. In its answer to the amended complaint, defendant again admitted subject matter jurisdiction and failed to assert defenses alleging claimed defects in service, process or failure to notify the Attorney General for the State of Wyoming or the Department of Employment. The initial pretrial order entered in this case indicates that the defendant agreed that this Court had jurisdiction. It appears that there was no mention during the initial pretrial conference of any claimed defense based upon lack of notice to the State of Wyoming pursuant to § 27–14–105.[1]

On April 16, 1997, the day before the final pretrial conference and only two weeks before this case was scheduled to go to trial, the defendant filed its motion to dismiss for lack of subject matter jurisdiction. In that motion, the defendant asserted that the applicable statute of limitations had run on all claims. In the defendant's pretrial memorandum, the defendant stated:

This Court has jurisdiction over both parties and the subject matter of this action pursuant to 28 U.S.C. § 1332, diversity of citizenship and amount in controversy. Venue is properly in this court.

## II.  PROPRIETY OF THE PARTIES

Service of process has been properly accomplished and there are no other parties necessary to proceed with the action. In its pretrial memorandum, defendant does not reference any matters alleging failure of notice pursuant to Wyo. Stat. § 27–14–105. The defendant generally denied plaintiff's allegations and asserted various affirmative defenses, but did not assert that this Court lacked subject matter jurisdiction. At the final pretrial conference, counsel for defendant asserted that issues relating to subject matter jurisdiction may be raised at any time and candidly admitted that he had made a strategic, tactical decision to delay filing the instant motion until the very last moment prior to trial.

The complaint in this action was filed July 3, 1996. The accident occurred on November 8, 1992. Pursuant to Wyo. Stat. § 1–3–105(a)(iv)(C), the statute of limitations for personal injury claims is four years. The complaint was filed within that four-year time period. Defendant argues that plaintiff's employer is immune from suit for the work related injury under the workers' compensation act, Wyo. Stat. § 27–14–104(a), and that this action arises out of her efforts to obtain compensation for injuries from a third party under Wyo. Stat. § 27–14–105. This Wyoming statute (Wyo.Stat. § 27–14–105), defendant asserts, requires as a precondition to the exercise of jurisdiction by this Court applying state law in a diversity case, that a copy of the complaint be served on the director of the workers' compensation department and the attorney general. Without

---

1.  Other deadlines in the Court's order following the initial pretrial conference included a deadline for filing dispositive motions of February 3, 1997. Defendant did indeed file a motion for summary judgment, but that motion did not assert any claim whatsoever raising the issue relating to the claimed failure of notice to the State of Wyoming's Office of the Attorney General and Department of Employment that is the subject of this order.

having done so, and without including allegations to this effect in the complaint, defendant contends that this Court is without jurisdiction. Defendant cites *Boyd v. Nation*, 909 P.2d 323 (Wyo.1996) and *Makinen v. PM P.C.*, 893 P.2d 1149 (Wyo.1995) in support of its arguments.

Plaintiff has opposed the motion. Plaintiff asserts that the State of Wyoming cannot enact legislation that will deprive the United States District Court of jurisdiction and that the state cannot divest a federal court of diversity jurisdiction. She contends that defendant waived its affirmative defenses. She also argues that the legislative intent of Wyo. Stat. § 27–14–105 has been fulfilled in this case, and that if this Court does grant the motion to dismiss as requested by defendant, such dismissal should be without prejudice as plaintiff's action was originally commenced in a timely fashion and is entitled to the benefit of the Wyoming renewal statute, Wyo. Stat. § 1–3–118.

### Discussion

■ The scope of the judicial powers of federal courts are set forth in Article III of the United States Constitution. Congress may, by statute, restrict or otherwise define the jurisdiction of a federal district court. Title 28, United States Code, at § 1332 provides in part:

(a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between—

(1) citizens of different States:

(2) citizens of a State and citizens or subjects of a foreign state;

(3) citizens of different States and in which citizens or subjects of a foreign state are additional parties; and

(4) a foreign state, defined in section 1603(a) of this title, as plaintiff and citizens of a State or of different States.

\*   \*   \*   \*   \*   \*

■ Here, there is no dispute that the parties are indeed diverse and that the amount-in-controversy requirement has been satisfied. The Court concludes that plaintiff properly invoked the district court's diversity jurisdiction. Notwithstanding this conclusion, defendant contends that the Court is without subject matter jurisdiction because applicable state law, as viewed by defendant in this instance, would deprive plaintiff of the relief she now seeks for failure to comply with the notice requirements of Wyo. Stat. § 27–14–105.

■ Defendant's argument is not persuasive. The power to define the scope of the jurisdiction of the federal district courts does not extend to the states so as to permit states to enlarge or contract federal jurisdiction in a diversity case. *See Begay v. Kerr-McGee Corp.*, 682 F.2d 1311, 1315 (9th Cir. 1982) ("Although the states have the power to prevent the federal court from granting relief in a diversity case by denying the substantive right of action asserted, they 'have no power to enlarge or contract the federal jurisdiction.'") (quoting *Markham v. City of Newport News*, 292 F.2d 711, 713 (4th Cir.1961)). This Court has subject matter jurisdiction in this case, pursuant to 28 U.S.C. § 1332.

■ Plaintiff has argued that defendant, in failing to timely assert the "door closing" defense described in *Woods v. Interstate Realty Co.*, 337 U.S. 535, 69 S.Ct. 1235, 93 L.Ed. 1524 (1949), has waived that defense and is not entitled to the relief it now seeks in its motion to dismiss. The Court agrees for the following reasons.

■ Fed.R.Civ.P. 8(c) requires that parties are to set forth affirmatively in responsive pleadings all matters constituting an avoidance or affirmative defenses. Clearly, defendant did not do so in this case. Where a party fails to plead an affirmative defense, the defense is waived and evidence on that point is barred as a matter of law. *See e.g., Marino v. Otis Engineering Corp.*, 839 F.2d 1404, 1407 (10th Cir.1988). This concept is also embraced by the provisions of Fed. R.Civ.P. 12, which governs the presentation of defenses and objections. Under Rule 12, a party generally has 20 days after being served with the complaint within which to file an answer. In the responsive pleading, a party is to set forth all defenses to claims for

relief. However, at the option of the pleader, certain defenses may instead be addressed by motion, including the defense of lack of subject matter jurisdiction. Fed.R.Civ.P. 12(b). Rule 12 further provides that, "[w]henever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." Fed.R.Civ.P. 12(h)(3). The Court believes these provisions do not condone the tactics employed by the defendant in this case that were calculated to raise the failure of notice issue on the eve of trial. *See e.g., State Farm Mut. Automobile Ins. Co. v. Dyer,* 19 F.3d 514, 518 and at n. 8 (10th Cir.1994) (discussing Rule 12 motions for lack of subject matter jurisdiction; noting that granting such a motion is not on the merits; also stating that a party should "suggest lack of subject matter jurisdiction to the court, just as it is the court's duty to challenge assertions of jurisdiction sua sponte").

Furthermore, Rule 16 of the Federal Rules of Civil Procedure addresses matters that are to be considered by the court, counsel and parties in the early phases of litigation. The provisions of the Federal Rules of Civil Procedure, and Rule 16 in particular, are intended to provide for efficient case management. The rules place responsibilities on the parties to participate in the processes provided for in the Rules in an effort to meet that goal. They are obliged to identify legal issues and principles that will facilitate disposition of the case as early as possible. *Joseph Manufacturing Company, Inc. v. Olympic Fire Corp.,* 986 F.2d 416, 419–420 (10th Cir.1993) (refusing to permit a defendant to "ambush plaintiffs" when potentially controlling legal principles and issues were known at the time of the pretrial conference; reversing district court decision to amend pretrial order; circuit court relying on Rule 16 of the Federal Rules of Civil Procedure as the "keystone;" finding that defendant had not demonstrated that it was entitled to modify pretrial order).

In *Olcott v. Delaware Flood Co.,* 76 F.3d 1538, 1555 (10th Cir.1996), quoting *In Matter of Sanction of Baker,* 744 F.2d 1438 (10th Cir.1984) (en banc), cert. denied, 471 U.S. 1014, 105 S.Ct. 2016, 85 L.Ed.2d 299 (1985), the Tenth Circuit stated:

> While on the whole Rule 16 is concerned with the mechanics of pretrial scheduling and planning, its spirit, intent and purpose is clearly designed to be broadly remedial, allowing courts to actively manage the preparation of cases for trial.... [T]here can be no doubt that subsection (f), added as part of the 1983 amendments to Rule 16, indicates the intent to give courts very broad discretion to use sanctions where necessary to insure not only that lawyers and parties refrain from contumacious behavior, already punishable under the various other rules and statutes, but that they **fulfill their high duty to insure the expeditious and sound management of the preparation of cases for trial.**

76 F.3d at 1555 (emphasis supplied). *See also Estate of Washington v. United States of America,* 53 F.3d 1173, 1175 (10th Cir. 1995) (noting that result in case might have been reached earlier and at less cost if the government had been more forthcoming about authority supporting its theory, citing Fed.R.Civ.P. 11 and Rule 3.3 of the Model Rules of Professional Conduct, focusing on the "burden of reasonable inquiry'" and "a lawyer's duty to disclose adverse controlling authority, as a means of protecting the judiciary's efficiency and integrity" [omitting quotation]).

Here, counsel's candid admission that he had made a tactical decision in deciding to file the motion to dismiss for lack of subject matter jurisdiction on the day before the final pretrial conference is not consistent with the spirit and purpose of the rules of civil procedure governing case management in federal courts. He deliberately elected not to raise an issue known to him when the complaint was filed until the eleventh hour in an attempt to gain an advantage in the litigation at the opposing party's expense. If this issue had been raised earlier in these proceedings, and if he had prevailed and obtained a dismissal without prejudice, the parties might have been spared significant expense and delay. Principles of judicial economy and fairness dictate that this type

of deliberate delaying strategy not be sanctioned or condoned by this Court.

■ Notwithstanding the Court's finding that defendant's attempt to raise the failure of notice issue was not timely, the Court offers the following observations as to that defense. State law, in a diversity case, will provide the applicable rules of decision. It is the federal court's goal to assure that the result obtained in a diversity case would be the same as would be reached in a state court.

The statute at issue is Wyo. Stat. § 27–14–105.[2] This statute requires that the director and attorney general be served by certified mail, return receipt requested with a copy of the complaint filed in any suit initiated pursuant to subsection (a) of the statute. Subsection (a) governs actions brought against persons other than the employer, including third parties or co-employees, for damages incurred by a worker injured during the course of his employment.

Wyo. Stat. § 27–14–101, entitled "Short title; statement of intent" provides:

(a) This act may be cited as the "Wyoming Worker's Compensation Act"

(b) It is the intent of the legislature in creating the Wyoming worker's compensation division that the laws administered by it to provide a worker's benefit system be interpreted to assure the quick and efficient delivery of indemnity and medical benefits to injured and disabled workers at a reasonable cost to the employers who are subject to the Worker's Compensation Act. It is the specific intent of the legislature that benefit claims cases be decided on their merits and that the common law rule of "liberal construction" based on the supposed "remedial" basis of workers' benefits legislation shall not apply in these cases. The worker's benefit system in Wyoming is based on a mutual renunciation of common law rights and defenses by employers and employers alike. Accordingly, the legislature declares that the Worker's Compensation Act is not remedial in any sense and is not to be given a broad liberal construction in favor of any party.

(Laws 1986, Sp. Sess., Ch. 3, § 3,; 1994, ch. 86, § 2.)

The clear language of the Worker's Compensation Act demonstrates that the purpose of the act is to assure quick and efficient delivery of indemnity and medical benefits to injured and disabled workers at reasonable cost to employers. The act provides for mutual renunciation of common law rights by both employees and employers.

■ Wyoming law requires that legislative intent be ascertained, as nearly as possible, from the language of the statute viewed in the light of its object and purpose. *Moncrief v. Harvey*, 816 P.2d 97, 105 (Wyo.1991). One of the significant provisions of the Wyoming Worker's Compensation Act, § 27–14–105(b) set out above, is designed to protect the state's lien rights, in the event of a settlement or judgment in favor of the injured worker in an action involving third parties or others. The provisions requiring notice to the Department of Employment and the Attorney General are designed to provide a mechanism that will ensure preservation of the State of Wyoming's lien rights. The failure to ensure that the State receives notice that enables the State to protect its rights of reimbursement and preserve lien rights may have consequences that were never intended by the employee, employer or third party who enters into a settlement of a personal injury case, as described in the statute. The primary beneficiary of Wyo. Stat. § 27–14–105 is the State of Wyoming.

■ The Court agrees with plaintiff that the legislative intent and purpose in enacting the notification statute has been fulfilled in this case. Without extensive elaboration, the evidence submitted to the Court, as well as the representations made to the Court by Gerald W. Laska, Senior Assistant Attorney General for the State of Wyoming, indicate that at all times the State of Wyoming was aware of the instant civil action. There has been no prejudice to the State of Wyoming whatsoever by plaintiff's failure to observe strict compliance with the notice and service requirements of Wyo. Stat. § 27–14–105. Additionally, following the pretrial confer-

---

**2.** The complete text of Wyo. Stat. § 27–14–105 is    set forth in the appendix to this Order.

ence and entry of an order allowing amendment of the complaint, the plaintiff took steps to comply with the requirements of the notice statute and has since filed an amended complaint including allegations of compliance with the statute. Defendant has responded to the amended complaint.

The court in *Clark v. Pacificorp,* 118 Wash.2d 167, 822 P.2d 162 (1991), was faced with cases that were similar factually to this case. There, one of the issues the court was required to consider was whether failure to strictly comply with the Washington Industrial Insurance Act, also requiring notice to the Department of Labor and Industries similar to that required in Wyo. Stat. § 27–14–105, required dismissal of plaintiffs' cases. The Act required notice of third-party actions to be given to the department when the action was filed. *Clark v. Pacificorp,* 822 P.2d at 167. It was undisputed that plaintiffs had not satisfied that notice requirement. A new complaint was then filed in federal court. Thus, the court considered whether the filing of that new action, coupled with the department's receipt of a copy of the new complaint, gave the trial court jurisdiction.

The court found that the plaintiffs had substantially complied with the notice requirements of the statute, that no prejudice had resulted, and that it would be unjust, as well as impractical, to ignore the action and begin anew. *Id.* at 168. It stated the purpose of the notice requirement was to protect the department's interest as trustee of the compensation fund and to protect the department's property interest in its lien.

As noted earlier, the court had allowed the plaintiff to dismiss the original action without prejudice and refile a new action. The lower court then consolidated the old and new cases as a matter of judicial economy. In its opinion, the Washington Court, rejecting the department's arguments that consolidation of the old and new cases was not proper, stated:

> The filing of the new action cures any defects in jurisdiction. The department failed to show any prejudice. It did in fact have notice; it had conducted investigations of the accidents; and did in fact participate in the action through correspondence, conversations, and special appearance memoranda. In addition, neither the employer nor the Department is harmed, because they will not be subject to any greater liability than that imposed under the Industrial Insurance Act.

*Id.* at 168.

The Washington Supreme Court noted in its opinion that the lower court had granted the labor department's motion to intervene. "Although not timely served with a copy of the complaint, this does not preclude actual notice, nor does it create prejudice." *Id.* at 169. The Washington Court rejected the department's argument that failure to comply with the notice requirement required dismissal. It further noted that defects in notice requirements had been cured so as to permit the trial courts to assert jurisdiction to apply the provisions of the Washington statutes relating to compensation for injured workers. The statute at issue in *Clark v. Pacificorp* was comparable to the Wyoming notice statute, in that compliance with its notice provisions was a condition precedent to the state court's exercise of jurisdiction to effect remedies under the compensation act.

The Eleventh Circuit, in *Hattaway v. McMillian,* 903 F.2d 1440 (11th Cir.1990), interpreting Florida law, determined that a plaintiff could cure noncompliance with a similar notice of claim provision before trial. Quoting from *Fitzgerald v. McDaniel,* 833 F.2d 1516 (11th Cir.1987), the circuit court stated:

> . . . that it would serve no useful purpose to dismiss the complaint, for such a dismissal clearly must be without prejudice and with leave to amend.

*Id.* at 1446.

In this case, the defendant has relied on the Wyoming Supreme Court's decision in *Makinen v. PM PC,* 893 P.2d 1149 (Wyo. 1995). In that case, the Wyoming Supreme Court affirmed the state district court's determination that it was without jurisdiction because plaintiff had failed to give notice to the director and attorney general as required by the Wyoming Worker's Compensation Act. However, the Wyoming Court recognized that subject matter jurisdiction of the state district court would attach when the

complaint was served in accordance with the applicable statute. Where there was a failure to comply with the notice requirement of the statute, the Wyoming Court noted that the dismissal must be without prejudice.

The Wyoming Supreme Court again noted that the service requirements of Wyo. Stat. § 27–14–105 must be satisfied in a case where an employee sought to recover from a co-employee who caused the injury. *Boyd v. Nation,* 909 P.2d 323, 326 (Wyo.1996). In the *Boyd* case the Wyoming Court stated that it again assumed that any dismissal would be without prejudice. It went on, however, to note that the plaintiff's claim in any event would have been barred by the applicable statute of limitations.[3] *Id.*

■ In the case now before the Court, granting defendant's motion to dismiss for failure to comply with the notice requirements of Wyo. Stat. § 27–14–105 would frustrate the legislature's purposes in enacting this provision. The Act is intended to be a sword for the State of Wyoming, one intended to permit the State to protect its reimbursement and lien rights in cases where an injured employee either settles or receives a judgment in his or her favor after having also received worker's compensation benefits. The Act is not intended to be a shield for third party tortfeasors.

Furthermore, this Court has, since the final pretrial conference permitted the plaintiff to amend her complaint so as to allege compliance with the notice provisions of the Wyoming statutory scheme. This has been accomplished and defendant has responded. To dismiss, as defendant suggests this Court should now do, would be an exercise in futility. Any dismissal would be without prejudice to plaintiff's refiling her complaint. Inasmuch as her complaint was commenced in a timely manner and is not barred by the statute of limitations, principles of judicial economy require this Court to proceed forward without further delay. The defendant's motion to dismiss will be denied.

Accordingly, and for the foregoing reasons, it is therefore

**ORDERED** that the defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction shall be, and is, **DENIED.**

## APPENDIX

Wyo. Stat. § 27–14–105 provides as follows:

(a) If an employee covered by this act receives an injury under circumstances creating a legal liability in some person other than the employer to pay damages, the employee if engaged in work for his employer at the time of the injury is not deprived of any compensation to which he is entitled under this act. He may also pursue his remedy at law against the third party or the coemployee to the extent permitted by W.S. 27–14–104(a). Except as provided by subsections (b), (e) and (f) of this section, if the employee recovers from the third party or the coemployee in any manner including judgment, compromise, settlement or release, the state is entitled to be reimbursed for all payments made, or to be made, to or on behalf of the employee under this act but not to exceed one-third (1/3) of the total proceeds of the recovery without regard to the types of damages alleged in the third-party action. All money received by the state under this section shall be credited to the worker's compensation account and considered in computing the employer's experience rating.

(b) The director and the attorney general shall be served by certified mail, return receipt requested with a copy of the complaint filed in any suit initiated pursuant to subsection (a) of this section. Service of the complaint on the director and attorney general is a jurisdictional requirement in order to maintain the suit. The director and the attorney general shall be notified in writing by certified mail return receipt requested of any judgment, compromise,

---

**3.** Plaintiff "Boyd was injured on July 3, 1988, more than four years before he filed his claim against Nation with the Town of Evansville on May 12, 1993. It is clear from the record that Boyd can not possibly present an allegation that he filed his statement of claim with the Town of Evansville within the requisite two-year statute of limitations." *Id.* at 326.

settlement or release entered into by an employee. Before offering settlement to an employee, a third party or its insurer shall notify the state of the proposed settlement and give the state fifteen (15) days after receipt of such notice in which to object. If notice of proposed settlement is not provided, the state is entitled to initiate an independent action against the third party or its insurer for all payments made to and any amount reserved for or on behalf of the employee under this act. If there is a settlement, compromise or release entered into by the parties in claims against a person other than the employer, the attorney general representing the director shall be made a party in all such negotiations for settlement, compromise or release. The attorney general and the director, for purposes of facilitating compromise and settlement, may in a proper case authorize acceptance by the state of less than the state's claim for reimbursement. The proceeds of any judgment, settlement, compromise or release are encumbered by a continuing lien in favor of the state to the extent of the total amount of the state's claim of reimbursement, under this section and for all current and future benefits under this act. The lien shall remain in effect until the state is paid the amount authorized under this section. In addition the person paying the settlement remains liable to the state for the state's claim unless the state through the attorney general signs the release prior to payment of an agreed settlement.

(c) If the injury causes the death of the employee, the rights and remedies in this section inures to and the obligations are binding upon the personal representative of the deceased employee for the benefit of his dependents.

(d) Any attorney who fails to notify the director and attorney general of any settlement or fails to ensure the state receives its share of the proceeds of any settlement or judgment under subsection (a) of this section shall be reported to the grievance committee of the Wyoming state bar.

(e) At any time before the statute of limitation bars an employee or his estate from commencing a claim for personal injury or wrongful death, and upon the unsolicited written request of the employee or estate, the department may commence such an action on behalf of the employee or his estate. From any amounts recovered under this subsection, the state is entitled to an amount equal to all sums awarded as benefits to the employee or his estate and all anticipated future medical costs. Any excess recovery shall be paid to the injured employee or his estate.

(f) The department or employer shall have an additional six (6) month limitation period beyond the date on which the employee or his estate is barred under the statute of limitations from commencing a claim for personal injury or wrongful death, in which to commence such an action on behalf of the employee or his estate. From any amounts recovered under this subsection, the state is entitled to an amount equal to all sums awarded as benefits to the employee or his estate, all anticipated future medical costs and all costs of litigation. Any excess recovery shall be paid to the injured employee or his estate.

(g) For purposes of subsections (e) and (f) of this section, nothing in this section prohibits any third party from reimbursing the worker's compensation account for medical or temporary total disability costs without prejudice prior to any judgment, settlement or release. (Laws 1986, Sp. Sess., ch. 3, § 3, 1995, ch. 183, § 1).