2002 WY 112

**TEREX CORPORATION, a Delaware corporation; and Louis Lopez, Appellants (Defendants),**

v.

**Betty A. HOUGH, Personal Representative of the Estate of Roy W. Hough, deceased, Appellee (Plaintiff).**

No. 01–173.

Supreme Court of Wyoming.

July 18, 2002.

3. See footnote 2.

Anthony T. Wendtland of Davis & Cannon, Sheridan, WY, Representing Appellant Terex Corporation.

Joe M. Teig, P.C. and Paula A. Fleck of Holland & Hart, LLP, Jackson Hole, WY, Representing Appellant Louis Lopez.

Stephen H. Kline of Kline Law Office, P.C., Cheyenne, Wyoming, and Kenneth E. Barker of Barker, Wilson, Reynolds & Burke, Belle Fourche, SD, Representing Appellee.

Before HILL, C.J., and GOLDEN, LEHMAN,* KITE, and VOIGT, JJ.

VOIGT, Justice.

[¶ 1] This is an appeal from the district court's dismissal of a wrongful death action based on a lack of subject matter jurisdiction. We conclude that, at the time the district court ruled on the motions before it, it did have subject matter jurisdiction, and we, therefore, reverse.[1] In doing so, we

---

\* Chief Justice at time of oral argument.

1. On appeal, neither appellant challenges the district court's determination that it lacked subject matter jurisdiction, and a cross-appeal by the appellee was dismissed at her request prior to oral argument. Nevertheless, the " 'first and fundamental question on every appeal is that of jurisdiction; this question cannot be waived; it is open for consideration by the reviewing court whenever it is raised by any party, or it may be raised by the court of its own motion.' " *Hirschfield v. Board of County Com'rs of the County of Teton*, 944 P.2d 1139, 1141 (Wyo.1997) (*quoting Pawlowski v. Pawlowski*, 925 P.2d 240, 243 (Wyo. 1996) and *Gookin v. State Farm Fire and Cas. Ins. Co.*, 826 P.2d 229, 232 (Wyo.1992)). Furthermore, the question of subject matter jurisdiction is fundamental in this case because the

overrule our previous holding in *Makinen v. PM P.C.*, 893 P.2d 1149 (Wyo.1995).

## ISSUES

[¶ 2]   The appellant, Terex Corporation (Terex), states the issues as:

1.   Are the District Court's Findings, Conclusions and Order concerning Plaintiff's initial effort to file a wrongful death case against Defendants, Terex Corporation and Louis Lopez, void because the District Court lacked subject matter jurisdiction when it attempted to enter them?

2.   Pursuant to *Makinen v. PM P.C.*, 893 P.2d 1149, 1153 (Wyo.1995) *citing Amrein v. Wyoming Livestock Board*, 851 P.2d 769, 771 (Wyo.1993), should the Court address whether the Wrongful Death Act['s] two year filing requirement precludes Mrs. Hough's ability to pursue a cause of action for wrongful death?

3.   Are Mrs. Hough's pending wrongful death claims viable given Mrs. Hough's acknowledged failure to meet the two year condition precedent to filing a wrongful death suit in Wyoming?

The appellant, Louis Lopez (Lopez), phrases the issues as:

A.   Did the District Court err as a matter of law when it entered Conclusions of Law before finding it lacked subject matter jurisdiction and dismissing Appellee's Complaint without prejudice?

B.   Does Wyoming's "savings statute," W.S. § 1–3–118, apply to Appellee's wrongful death claim?

The appellee, Betty A. Hough as personal representative of the Estate of Roy W. Hough (appellee), defines the issues as:

1.   Do Appellants raise sufficient issues regarding the judgment below to sustain an appeal?

2.   Does the savings statute, Wyo. Stat. 1–3–118, apply to allow the plaintiff to refile a wrongful death case which was commenced within two years of the decedent's death, but eventually dismissed without prejudice for lack of subject mat-

issues presented by the appellants pre-suppose that the district court lacked subject matter juris-

ter jurisdiction, where the action is refiled within one year of the dismissal of the original action, but not within two years of the death of the decedent?

## FACTS

[¶ 3]   The incident giving rise to this action occurred on July 2, 1998.  Lopez drove a coal haul truck over the cab of the pickup truck in which Roy Hough (Hough) was sitting.  Hough later died from the injuries he sustained in the accident.  Triton Coal Company employed Hough at its Buckskin Mine near Gillette where the accident occurred. Terex designed and manufactured the coal haul truck that Lopez was driving.  Hough's widow, the appellee, filed a wrongful death complaint on June 28, 2000, against Lopez and Terex.   The complaint alleged against Lopez willful, wanton, and/or intentional acts, and against Terex it alleged products liability.   On January 16, 2001, Terex filed a Motion for Judgment on the Pleadings Pursuant to W.R.C.P. 12(c) and an Alternative Motion for Summary Judgment Pursuant to W.R.C.P. 56, alleging that the district court lacked subject matter jurisdiction because the appellee had failed to serve the complaint on the Wyoming Attorney General and the Director of the Wyoming Worker's Compensation Division as required by Wyo. Stat. Ann. § 27–14–105(b) (LexisNexis 2001), the pertinent portion of which reads:

The director and the attorney general shall be served by certified mail return receipt requested with a copy of the complaint filed in any suit initiated pursuant to subsection (a) of this section.  Service of the complaint on the director and attorney general is a jurisdictional requirement in order to maintain the suit.

[¶ 4]   The appellee responded to Terex's motions by having the attorney general and the director served on January 18, 2001. About a week later, she filed a Motion to Amend Complaint to reflect that service. The district court heard Terex's motions on February 14, 2001.  On July 11, 2001, the

diction.

district court entered Findings of Fact and Conclusions of Law, and a separate Order Dismissing Case Without Prejudice and Denying Permission to Amend Complaint. Terex, Lopez and the appellee all appealed.[2]

## DISCUSSION

■ [¶ 5] "Subject matter jurisdiction is the authority to hear and decide cases of the general class to which the proceedings in question belong." *Bruns v. TW Services, Inc.*, 2001 WY 127, ¶ 16, 36 P.3d 608, 613 (Wyo.2001). This Court has stated:

"It is fundamental, if not axiomatic, that, before a court can render any decision or order having any effect in any case or matter, it must have subject matter jurisdiction. Jurisdiction is essential to the exercise of judicial power. Unless the court has jurisdiction, it lacks any authority to proceed, and any decision, judgment, or other order is, as a matter of law, utterly void and of no effect for any purpose. Subject matter jurisdiction, like jurisdiction over the person, is not a subject of judicial discretion. There is a difference, however, because the lack of jurisdiction over the person can be waived, but lack of subject matter jurisdiction cannot be. Subject matter jurisdiction either exists or it does not and, before proceeding to a disposition on the merits, a court should be satisfied that it does have the requisite jurisdiction."

*Boyd v. Nation*, 909 P.2d 323, 325 (Wyo.1996) (*quoting United Mine Workers of America Local 1972 v. Decker Coal Co.*, 774 P.2d 1274, 1283–84 (Wyo.1989)).

■ The district court concluded that it lacked subject matter jurisdiction over this wrongful death case because binding precedent, namely *Makinen*, 893 P.2d 1149 and *Boyd*, 909 P.2d 323, dictated that conclusion. The facts in *Makinen* are nearly identical to those in this case. In *Makinen*, we resolved the issue of subject matter jurisdiction as follows:

In order to determine whether the district court had jurisdiction over this case, we must construe the relevant portions of

§ 27–14–105. In construing a statute, we must determine whether the statute is clear or ambiguous. "[A] statute is unambiguous if its wording is such that reasonable persons are able to agree as to its meaning with consistency and predictability." *Allied–Signal, Inc. v. Wyoming State Board of Equalization*, 813 P.2d 214, 220 (Wyo.1991). "[A] statute is ambiguous only if it is found to be vague or uncertain and subject to varying interpretations." 813 P.2d at 219–20. "[W]hether an ambiguity exists in a statute is a matter of law to be determined by the court." 813 P.2d at 220. If the language of a statute is clear and unambiguous, we apply the plain and ordinary meaning of the words and do not resort to the rules of statutory construction. *Soles v. State*, 809 P.2d 772, 773 (Wyo.1991).

The Makinens contend that the district court had jurisdiction over the case because they served the complaint on the director and the attorney general in compliance with the statutory notice requirement. They assert that § 27–14–105 is ambiguous with respect to when the complaint must be served upon the director and the attorney general, and they argue that service of the complaint is not required in order for the district court to obtain jurisdiction over the case. PM P.C. and Mr. Larscheid maintain that the statute is not ambiguous. They contend that, pursuant to § 27–14–105, service must be made upon the director and the attorney general before or concurrently with the filing of an action in order for the district court to acquire jurisdiction over the matter.

Section 27–14–105 is clear and unambiguous in the context of this case. Under the clear language of the statute, the district court does not obtain jurisdiction over any case which involves an injured worker until the complaint has been served upon the director and the attorney general. *Accordingly, the district court did not have jurisdiction over the case at the time that PM P.C. and Mr. Larscheid filed their motion for a summary judgment.*

**2.** The cross-appeal of appellee, Supreme Court

Case No. 01–174, has been dismissed.

*Makinen,* 893 P.2d at 1152–53 (emphasis added). The result in *Boyd* was similar, but the facts were different. In *Boyd,* the issue of subject matter jurisdiction was raised sua sponte by this Court because the record contained no indication that the director and the attorney general had ever been served with the complaint. *Boyd,* 909 P.2d at 326.

[¶ 7] We now find several things wrong with the *Makinen* decision. To begin with, Wyo. Stat. Ann. § 27–14–105(b) is ambiguous because it contains no deadline for service of the complaint upon the attorney general and the director, and because the word "maintain" does not clearly establish a point at which service must be accomplished.[3] This situation is unlike the filing of a complaint under the Wyoming Governmental Claims Act, where the claim must be made and denied prior to suit, so the complaint must reference that process. Wyo. Stat. Ann. § 1–39–113 (LexisNexis 2001); *Dee v. Laramie County,* 666 P.2d 957, 959 (Wyo. 1983). Here the complaint could not very well reference service that has not yet occurred, and we know of no precedent requiring service of a complaint before it is filed.

[¶ 8] The second thing wrong with *Makinen* is that, while we recognized in that opinion that the district court would obtain jurisdiction over the case upon service of the complaint upon the attorney general and the director, we declared that the district court lacked jurisdiction *despite the fact* that the attorney general and the director had been served prior to the motion hearing where the district court found it had no jurisdiction. *Makinen,* 893 P.2d at 1153. We held, without basis in the statute or other authority, that the district court lacked jurisdiction because service had not yet been accomplished at the time the summary judgment motion was filed. *Id.* Yet, there is nothing in the statute to suggest that the date of filing of a motion seeking dismissal or a similar remedy establishes the period of limitation for service.

[¶ 9] Finally, our present review leads us to conclude that in *Makinen,* we paid insufficient attention to the legislative purpose behind the requirement for service of the complaint upon the attorney general and the director. That legislative purpose was recently emphasized in *Streeter v. Amerequip Corp.,* 968 F.Supp. 624, 629 (D.Wyo. 1997):

> Wyoming law requires that legislative intent be ascertained, as nearly as possible, from the language of the statute viewed in the light of its object and purpose. *Moncrief v. Harvey,* 816 P.2d 97, 105 (Wyo. 1991). One of the significant provisions of the Wyoming Worker's Compensation Act, § 27–14–105(b) ... is designed to protect the state's lien rights, in the event of a settlement or judgment in favor of the injured worker in an action involving third parties or others. The provisions requiring notice to the Department of Employment and the Attorney General are designed to provide a mechanism that will ensure preservation of the State of Wyoming's lien rights. * * * The primary beneficiary of Wyo. Stat. § 27–14–105 is the State of Wyoming.

In *Streeter,* 968 F.Supp. at 630, Chief Judge Johnson cited to *Clark v. Pacificorp,* 118 Wash.2d 167, 822 P.2d 162 (1991) and *Hattaway v. McMillian,* 903 F.2d 1440 (11th Cir. 1990), as cases where statutes similar to Wyoming's were interpreted so as to allow a plaintiff to cure noncompliance with the service requirements before trial, at least so long as no prejudice to the State had been shown. Finally, Chief Judge Johnson concluded:

> In the case now before the Court, granting defendant's motion to dismiss for failure to comply with the notice requirements of Wyo. Stat. § 27–14–105 would frustrate the legislature's purposes in enacting this provision. The Act is intended to be a sword for the State of Wyoming, one in-

---

3. We have recently recognized specific legislative intent when the word "maintain" rather than the word "begin" or the word "commence" is used in a statute of limitations or condition precedent to suit. *See Rodriguez v. Casey,* 2002 WY 111, 50 P.3d 323 (Wyo.2002). In the present context, "maintain" means that the suit may be filed, but it may not be continued toward judgment until

tended to permit the State to protect its reimbursement and lien rights in cases where an injured employee either settles or receives a judgment in his or her favor after having also received worker's compensation benefits. The Act is not intended to be a shield for third party tortfeasors.

*Streeter*, 968 F.Supp. at 631. In the context of a case such as this, the State is best able to protect its lien rights and to recoup benefits paid if the suit is allowed to continue rather than being dismissed through an overly technical reading of the service requirement.

■ [¶ 10] The gist of the decision in this case is the recognition that a plaintiff in a suit brought under Wyo. Stat. Ann. § 27–14–104 (LexisNexis 2001) and Wyo. Stat. Ann. § 27–14–105(a) must be allowed a reasonable amount of time to meet the requirements of Wyo. Stat. Ann. § 27–14–105(b). We realize that the statute itself imposes no limitation on the time in which this may be accomplished, and we are mindful of the constitutional separation of powers. Wyo. Const. art. 2, § 1. Yet, because Wyo. Stat. Ann. § 27–14–105(b) makes such service a jurisdictional requirement, it is imperative that a time limitation exist. Otherwise, the question of the district court's jurisdiction could remain "in limbo" indefinitely.

■ [¶ 11] This Court has a "general superintending control over all inferior courts, under such rules and regulations as may be prescribed by law." Wyo. Const. art. 5, § 2. This control " 'encompasses the authority to prescribe rules of practice and procedure in those courts.' " *Squillace v. Kelley*, 990 P.2d 497, 501 (Wyo.1999) (*quoting White v. Fisher*, 689 P.2d 102, 106 (Wyo. 1984)). Consistent with that authority, we conclude that it is appropriate, prospectively, to establish a specific time limitation during which, pursuant to Wyo. Stat. Ann. § 27–14–105(b), the attorney general and director must be served with a copy of the complaint. Because "within a reasonable time" is a standard that would provide little guidance to

litigants or the district court, we hold that service must be made within sixty days of the complaint's filing. We choose sixty days because that is the same period under W.R.C.P. 3(b) for service of the complaint on the party defendants if the suit is to be deemed to have been commenced on the date of filing.

## CONCLUSION

[¶ 12] The district court had subject matter jurisdiction over this matter at the time it ruled on Terex's motions. The holding to the contrary in *Makinen*, 893 P.2d 1149 is overruled.[4] We reverse and remand for further proceedings in the district court. This resolution renders the other issues raised herein moot.

HILL, Chief Justice, dissenting.

[¶ 13] If this case had arisen as a matter of first impression, I might have been inclined to agree with the majority. However, seven years ago this Court unanimously found the language in Wyo. Stat. Ann. § 27–14–105 to be unambiguous. The majority agrees that the facts of this case are nearly identical to those in *Makinen*, yet reaches a different result based on the conclusion that the language in § 27–14–105 is ambiguous. Yet, the language of the statute has not changed since we decided *Makinen*. Furthermore, I do not ascribe the weight to the legislature's purported intent in adopting § 27–14–105 that the majority assigns to it. In fact, in my opinion the legislature's intent can be discerned to support continuing adherence to the rule laid out in *Makinen*. In the seven years since we decided *Makinen*, the legislature has not amended the statute. If the legislature disagreed with our interpretation there, then it certainly had the opportunity to rectify the effect of that decision. It is telling that it did not. In *State Tax Commission v. BHP Petroleum Company, Inc.*, 856 P.2d 428, 437 (Wyo.1993), we held that Section 14 petitions pursuant to Wyo. Stat. Ann. § 39–1–304(a)(xiv) are not constrained by a time limit. Later, when our

---

the attorney general and the director have been served. The ambiguity results from the statute's lack of any guidance as to when that must be accomplished.

4. *Boyd*, 909 P.2d 323 is not overruled because that holding was based upon a record that failed to show that the attorney general or the director had ever been served with a copy of the complaint.

interpretation of that statute was challenged, we said: "The legislature is aware of this decision, and it has not amended Section 14 to include a time limit. We believe that limiting the time to present Section 14 allegations is a job for the legislature, not this court." *Exxon v. Board of County Commissioners, Sublette County,* 987 P.2d 158, 164 (Wyo.1999). Similarly, the legislature was aware that we required service upon the director and the attorney general as a condition precedent for jurisdiction to vest in the district court. In light of the legislature's acquiescence in our interpretation of § 27–14–105, any change thereto is a job for the legislature and not this Court.

[¶ 14] I do not believe in following the doctrine of stare decisis blindly. However, in this case, I see no compelling reason to abandon our unanimous decision in *Makinen.*