2006 WY 158

**RaNaye HANEY and Duane Haney, individually and as husband and wife, Appellants (Plaintiffs),**

v.

**Steve D. CRIBBS, personally; and Drm, Inc., a Wyoming Corporation, Appellees (Defendants).**

**Nos. 05–279, 06–69.**

Supreme Court of Wyoming.

Dec. 20, 2006.

Representing Appellants: Jeremy D. Michaels of Michaels & Michaels, P.C., Gillette, Wyoming; and Heather Noble, Jackson, Wyoming.

Representing Appellees: Patrick J. Murphy and Michael J. Lansing of Williams, Porter, Day & Neville, P.C., Casper, Wyoming.

Before VOIGT, C.J., and GOLDEN, HILL *, KITE, and BURKE, JJ.

HILL, Justice.

[¶ 1] In these consolidated appeals, we consider Appellants', RaNaye Haney and Duane Haney (the Haneys), contention that the district court erred in dismissing their personal injury complaint against Appellees, Steven D. Cribbs [1] and DRM, Inc. (collectively DRM), for the reason that the Haneys served it on the Wyoming Attorney General and the Director of the Wyoming Department of Employment by regular U.S. Mail,

rather than by certified mail return receipt requested. This case is docketed as Case No. 05–279.

[¶ 2] The district court's order dismissing the Haneys' case, followed by the Haneys' filing of a renewed and identical complaint on October 31, 2005 (this time properly served on the attorney general and the director, by certified mail return receipt requested), prompted the Haneys to urge the district court to submit two certified questions to this Court. In case No, 06–69, we agreed to answer: (1) Whether or not Wyoming's savings statute allowed the Haneys to refile their personal injury case even though the applicable statute of limitations had expired in the meantime; and (2) whether or not, for purposes of invoking the savings statute, the Haneys' civil action was "commenced by the filing of [their] complaint with the court."

[¶ 3] We will affirm the district court's order dismissing the complaint in Case No. 05–279. In Case No. 06–69, we will answer the first certified question in the affirmative, i.e., the savings statute does allow the refiling of the Haneys' complaint under the circumstances presented here. We will decline to answer the second question because our answer to the first question is dispositive, and it renders any answer to the second question unnecessary. See *Carlson v. Flocchini Investments,* 2005 WY 19, ¶ 25, 106 P.3d 847, 857 (Wyo.2005).

[¶ 4] By order entered on July 18, 2006, this Court consolidated these appeals for the purpose of issuing this opinion.

## FACTS AND PROCEEDINGS PERTINENT TO BOTH APPEALS

[¶ 5] On June 25, 2001, RaNaye Haney was operating a City of Gillette garbage truck in Campbell County, Wyoming. She was struck from the rear by a truck driven by Steve Cribbs who was employed by DRM. Because her injuries occurred within the course and scope of her employment, Mrs. Haney received worker's compensation bene-

---

* Chief Justice at time of oral argument of Case No. 05–279.

1. The Haneys failed to achieve service of their complaint on Cribbs and he never became a party below or to this appeal.

fits of over $196,000.00. On June 14, 2005, just days before the statute of limitations expired, the Haneys filed a complaint against DRM seeking to recover all damages she suffered in the accident. Such a suit is authorized by Wyo. Stat. Ann. § 27–14–105(a) (LexisNexis 2005), although the attorney general and the department (or the worker's compensation division) must be given notice of it so that the State may perfect a limited lien on any damages awarded.[2] The statute of limitations applicable to this case is that found at Wyo. Stat. Ann. § 1–3–105(a)(iv)(C) (LexisNexis 2005), which is four years.

[¶ 6] The complaint was served on DRM on June 16, 2004. Prior to the filing of the Haneys' complaint, the attorney general and the worker's compensation division received notice from counsel for the Haneys, of their intent to file the lawsuit at issue here. Later, a copy of the complaint was sent to the attorney general and to the worker's compensation division in a timely manner. DRM answered the complaint on July 27, 2005, and raised, among other issues, the district court's subject matter jurisdiction as a general defense (the specific theory it relied upon was not articulated in the answer). That answer was served on the Haneys, but not on the attorney general or the worker's compensation division.

[¶ 7] On August 19, 2005, after the statute of limitations for the filing of the Haneys' complaint had expired by force of the combined effect of § 1–3–105(a)(iv)(C), W.R.C.P. 3(b), § 27–14–105, and our decision in *Terex*, infra, DRM filed a motion to dismiss the complaint (and/or for summary judgment) for the reason that the district court lacked subject matter jurisdiction. Under Wyo. Stat. Ann. § 27–14–105 (LexisNexis 2005), the Haneys were required to serve, by certified mail, return receipt requested, a copy of the complaint filed in any such lawsuit, on the Wyoming Attorney General, and the Director of the Department of Employment:

§ 27–14–105. Action against third party; notice; subrogation; legal represen-

tation; payment under reservation of rights; actions by department.

(a) **If an employee covered by this act receives an injury under circumstances creating a legal liability in some person other than the employer to pay damages, the employee if engaged in work for his employer at the time of the injury is not deprived of any compensation to which he is entitled under this act. He may also pursue his remedy at law against the third party or the coemployee to the extent permitted by W.S. 27–14–104(a). Except as provided by subsections (b), (e) and (f) of this section, if the employee recovers from the third party or the coemployee in any manner including judgment, compromise, settlement or release, the state is entitled to be reimbursed for all payments made, or to be made, to or on behalf of the employee under this act but not to exceed one-third (1/3) of the total proceeds of the recovery without regard to the types of damages alleged in the third-party action.** All money received by the state under this section shall be credited to the worker's compensation account and considered in computing the employer's experience rating.

(b) **The director and the attorney general shall be served by certified mail return receipt requested with a copy of the complaint filed in any suit initiated pursuant to subsection (a) of this section.** *Service of the complaint on the director and attorney general is a jurisdictional requirement in order to maintain the suit.* The director and the attorney general shall be notified in writing by certified mail return receipt requested of any judgment, compromise, settlement or release entered into by an employee. **Before offering settlement to an employee, a third party or its insurer shall notify the state of the proposed settlement and give the state fifteen (15) days after re-**

---

2. The worker's compensation division is a part of the Department of Employment. The Department of Employment is headed by the director of the Department of Employment. Wyo. Stat. Ann. §§ 27–2–108 and 109 (LexisNexis 2005).

Perhaps the legislature should clarify this statute, but we opine that service by certified mail, return receipt requested, either to the department itself, or to the worker's compensation division, would satisfy the statutory requirement.

ceipt of such notice in which to object. If notice of proposed settlement is not provided, the state is entitled to initiate an independent action against the third party or its insurer for all payments made to and any amount reserved for or on behalf of the employee under this act. If there is a settlement, compromise or release entered into by the parties in claims against a person other than the employer, the attorney general representing the director shall be made a party in all such negotiations for settlement, compromise or release. The attorney general and the director, for purposes of facilitating compromise and settlement, may in a proper case authorize acceptance by the state of less than the state's claim for reimbursement. The proceeds of any judgment, settlement, compromise or release are encumbered by a continuing lien in favor of the state to the extent of the total amount of the state's claim for reimbursement under this section and for all current and future benefits under this act. The lien shall remain in effect until the state is paid the amount authorized under this section. In addition the person paying the settlement remains liable to the state for the state's claim unless the state through the attorney general signs the release prior to payment of an agreed settlement.

(c) If the injury causes the death of the employee, the rights and remedies in this section inure to and the obligations are binding upon the personal representative of the deceased employee for the benefit of his dependents.

(d) **Any attorney who fails to notify the director and attorney general of any settlement or fails to ensure the state receives its share of the proceeds of any settlement or judgment under subsection (a) of this section shall be reported to the grievance committee of the Wyoming state bar.**

(e) **At any time before the statute of limitation bars an employee or his estate from commencing a claim for personal injury or wrongful death, and upon the unsolicited written request of** the employee or estate, the department may commence such an action on behalf of the employee or his estate. From any amounts recovered under this subsection, the state is entitled to an amount equal to all sums awarded as benefits to the employee or his estate and all anticipated future medical costs. Any excess recovery shall be paid to the injured employee or his estate.

(f) **The department** or employer shall **have an additional six (6) month limitation period beyond the date on which the employee or his estate is barred under the statute of limitations from commencing a claim for personal injury or wrongful death, in which to commence such an action on behalf of the employee or his estate. From any amounts recovered under this subsection, the state is entitled to an amount equal to all sums awarded as benefits to the employee or his estate, all anticipated future medical costs and all costs of litigation. Any excess recovery shall be paid to the injured employee or his estate.**

(g) For purposes of subsections (e) and (f) of this section, nothing in this section prohibits any third party from reimbursing the worker's compensation account for medical or temporary total disability costs without prejudice prior to any judgment, settlement or release. [Emphases added.]

[¶ 8] The Haneys did not serve copies of the complaint on the Wyoming Attorney General or the Director of the Department of Employment in the manner required by § 27–14–105(b). However, as noted above, both the attorney general and the department received actual written notice of the Haneys' lawsuit. On October 26, 2005, the district court granted DRM's motion to dismiss. In its decision letter, the district court wrote:

Having "indulged leniency to respondent's affidavits," and after looking at the record from the viewpoint most favorable to [the Haneys] and affording them of all favorable inferences to be drawn from the facts contained in the affidavits and exhibits, it appears that [the Haneys] sent by

regular mail copies of the summons and complaint in this matter to the attorney general and the Division.

If that were all that the law required, the court would conclude that it has jurisdiction. However, the statutory language is specific and unambiguous with respect to this matter. Under the clear language of the statute this court does not obtain jurisdiction over any case unless notice is provided to both the attorney general and the Division via *certified mail return receipt requested*. In other words, constructive notice—or even actual notice improperly effectuated—is insufficient.

[The Haneys] have attempted to show compliance with what might be termed "the spirit" of the statute, i.e., they provided evidence tending to show that the attorney general and the Division probably had notice of their lawsuit. And, for the purposes of this matter the court assumes that [the Haneys] mailed, via regular United States mail, the complaint and summons to the statutorily required parties.

As a matter of law, this court must find that the notice provided by [the Haneys] in this instance is insufficient.

The provisions of Wyoming Statute § 27-14-105(b) are analogous to statutory claims presentment requirements, which the Wyoming Supreme Court has continually and virtually without exception determined to be conditions precedent. See, e.g., *Wooster v. Carbon County School Dist. No. 1*, 2005 WY 47, 109 P.3d 893 (Wyo.2005). The Act's provisions are designed to provide a mechanism that will ensure the preservation of the rights maintained by the State of Wyoming. *Terex*, ¶ 9. Therefore, strict compliance with the statutory provisions is required.

## CONCLUSION

The provisions of the Act are to be viewed as a "sword" for use by the State of Wyoming, and not as a "shield" for third party tortfeasors. See *Terex*, ¶ 9. Notwithstanding, the statutory requirements for notice are clear and unambiguous. Here, [the Haneys] failed to demonstrate compliance and their arguments that no-

tice was provided via alternative means, while garnering [the] sympathy of this court, are legally unpersuasive.

Because [the Haneys] failed to strictly comply with the statutory conditions precedent to undertaking the matter, this court is deprived of subject matter jurisdiction. [DRM's] motion to dismiss must be, and hereby is, ***granted***. [113–14]

[¶ 9] The Haneys filed their notice of appeal challenging that order on November 3, 2005.

[¶ 10] On October 31, 2005, the Haneys refiled their complaint in a form which did comply with § 27-14-105. DRM filed a motion to dismiss asserting that the statute of limitations had run on the Haneys' personal injury action. The district court certified the questions that we have agreed to answer in an order entered on March 27, 2006.

## ISSUES—Case No. 05–279

[¶ 11] In Case No. 05–279, the Haneys raise this issue:

In a case involving personal injuries to an employee covered by worker's compensation against third party tortfeasors where notice to the State of Wyoming is required under W.S. § 27-14-105(b), did the district court err in dismissing the case when the State received a copy of the complaint by regular mail, rather than certified mail return receipt requested?

DRM restates the issue thus:

Where [Mrs. Haney] suffered bodily injuries within the scope of her employment with a contributing employer, and where she then received Wyoming Worker's Compensation benefits for those injuries, did the district court properly dismiss her personal injury complaint for lack of subject matter jurisdiction where [the Haneys] failed to comply with the statutory requirement that they serve the Director and [the] Attorney General with copies of their complaint by certified mail, return receipt requested, pursuant to Wyo. Stat. Ann. § 27-14-105(b) and *Terex Corporation v. Hough*, 2002 WY 112, 50 P.3d 317 (Wyo.2002)?

## DISCUSSION

### Standard of Review

[¶ 12] The district court ruled as a matter of law that the Haneys' complaint should be dismissed for lack of subject matter jurisdiction. This presents a question of law which we review *de novo*. *Andersen v. Hernandez*, 2005 WY 142, ¶ 6, 122 P.3d 950, 951 (Wyo.2005). By *de novo*, we mean that we evaluate the propriety of a dismissal by employing the same standards and by examining the same material as did the district court, without a presumption of correctness as to the conclusions reached below. *Askvig v. Wells Fargo Bank*, 2005 WY 138, ¶ 11, 121 P.3d 783, 787 (Wyo.2005).

### Was Actual Receipt of Notice of the Lawsuit Adequate in Light of the State's Interest in this Litigation

[¶ 13] The Haneys contend that a judicious reading of the statute bears out that it was enacted primarily for the benefit of the State of Wyoming's worker's compensation fund, as well as for employers who might residually benefit from its effect. Thus, their argument continues, it is an absurd result to require dismissal on jurisdictional grounds, because the legislative intention must logically have been to preserve the State's interest in the litigation by depriving the district court of jurisdiction only of the State's interest, not the litigation as a whole. If the Haneys are successful in their suit against DRM, then it is possible that the worker's compensation fund will be reimbursed for all monies paid to Mrs. Haney by worker's compensation on behalf of her employer (as well as future such benefits), and the employer's experience rating will be adjusted accordingly (resulting in a savings to the employer).

[¶ 14] The State has not directly participated in this matter. However, its indirect involvement to date appears to have been contrary to the best interest of the State. The State is entitled to its recovery whether the injured employee recovers "out of court," or by formal judgment or settlement in the context of litigation. The legislature's decision to require that service be accomplished by certified mail, on the attorney general and the department, "a jurisdictional requirement in order to maintain the suit," is not designed to protect tortfeasors from suit by an injured employee, but only to protect the State's interest in its share of any recovery. See, *Terex Corporation v. Hough*, 2002 WY 112, 50 P.3d 317, 321–22 (Wyo.2002) (citing *Streeter v. Amerequip Corp.*, 968 F.Supp. 624 (D. Wyo.1997); and overruling the substance of *Makinen v. PM PC*, 893 P.2d 1149 (Wyo.1995)). Even several weeks before the original filing of the Haneys' case, the attorney general was aware that this matter was in the offing. Yet, the attorney general never became proactive in safeguarding the State's rather significant interest in it. Indeed, the attorney general at first sided with DRM, even though that position turned out to be contrary to the facts extant.

[¶ 15] In *Terex* we also decided that, although § 27–14–105(b) imposed no time limit in which service on the attorney general and the director had to be accomplished, a reasonable time needed to be prescribed. We turned to an analogous rule, W.R.C.P. 3(a), and concluded that such service must be achieved within sixty days of the filing of the complaint. W.R.C.P. 3(b) provides:

(b) *When Commenced.*—For purposes of statutes of limitation, an action shall be deemed commenced on the date of filing the complaint as to each defendant, if service is made on the defendant or on a co-defendant who is a joint contractor or otherwise united in interest with the defendant, within 60 days after the filing of the complaint. If such service is not made within 60 days the action shall be deemed commenced on the date when service is made. The voluntary waiver, acceptance or acknowledgment of service, or appearance by a defendant shall be the same as personal service on the date when such waiver, acceptance, acknowledgment or appearance is made. When service is made by publication, the action shall be deemed commenced on the date of the first publication.

[¶ 16] Service was not accomplished until more than sixty days after filing of the complaint. Thus, under *Terex*, this action was not deemed commenced until service was

actually perfected. As it turns out, that was after the expiration of the statute of limitations and, therefore, this action arguably is barred by the statute of limitations.

[¶ 17] The Haneys ask that we treat their notices to the attorney general and the director as substantial compliance. In light of our precedents, and the nature of the requirement set out in § 27–14–105(b), we decline to treat the notices at issue here as "substantial compliance." See, e.g., *Lavatai v. State*, 2005 WY 133, ¶ 8, 121 P.3d 121, 124 (Wyo.2005); *Bell v. Schell*, 2004 WY 153, ¶¶ 31–39, 101 P.3d 465, 475–77 (Wyo.2004) (holding that statutory "conditions precedent" or standards characterized as "jurisdictional" cannot be surmounted by logic or reason).

[¶ 18] Because of these circumstances, we affirm the district court's order dismissing the complaint.

### ISSUES—Case No. 06–69

[¶ 19] In our *Notice of Agreement to Answer Certified Questions*, entered on April 4, 2006, we articulated the questions to be answered as follows:

1. Does the savings statute, Wyo. Stat. Ann. § 1–3–118, apply to allow a plaintiff to refile a personal injury case which was filed within the time afforded by Wyo. Stat. Ann. § 1–3–105(a)(iv)(c) (four years) of the accident, but which was eventually dismissed without prejudice for lack of subject matter jurisdiction, where the action is refiled within one year of the dismissal of the original action but not within four years of the date of the action causing the injury?

2. Rule 3(a) of the Wyoming Rules of Civil Procedure states that "[a] civil action is commenced by filing a complaint with the court." For the purposes of invoking the savings statute, is a lawsuit "commenced" by mere filing, even where, as here, a court does not have subject matter jurisdiction within the statutory period for the bringing of the action?

### DISCUSSION

 [¶ 20] First we are called upon to determine whether Wyoming's savings statute operates so as to "save" the Haneys' refiled complaint from also being dismissed. Their complaint was refiled on October 31, 2005, and, thereafter, properly served on the attorney general and the department. Wyo. Stat. Ann. § 1–3–118 (LexisNexis 2005) provides:

If in an action commenced in due time a judgment for the plaintiff is reversed, or if the plaintiff fails otherwise than upon the merits and the time limited for the commencement of the action has expired at the date of the reversal or failure, the plaintiff, or his representatives if he dies and if the cause of action survives, may commence a new action within one (1) year after the date of the failure or reversal. This provision also applies to any claim asserted in any pleading by a defendant.

[¶ 21] In this case, if this statute does apply, then the Haneys had one year in which to commence a new action (the action which we have characterized as having been refiled). That year began to run from the date on which the district court dismissed their original action, i.e., October 26, 2005. Of course, the action that they commenced on October 31, 2005, readily meets that deadline. Because that action was commenced anew and is now pending in the district court, we need not decide here whether or not this opinion affirming the district court, but answering this certified question, would also cause that one-year time period to commence again on the date the mandate issued in these consolidated matters.

[¶ 22] Here, the Haneys' original complaint was filed in due time. It failed other than "on the merits," and the applicable "time limited for the commencement of the action ha[d] expired at the date of the ... failure." Therefore, they may commence a new action within one year after the date of the failure of their original action. That is the teaching of *Clause v. Columbia Savings and Loan Association*, 16 Wyo. 450, 95 P. 54, 58–60 (1908) and our very recent opinion in *Hoke v. Motel 6 Jackson*, 2006 WY 38, ¶¶ 12–20, 131 P.3d 369, 376–80 (Wyo.2006) (quoting

*Rosa v. Cantrell,* 705 F.2d 1208 (10th Cir. 1982), certiorari denied, 464 U.S. 821, 104 S.Ct. 85, 78 L.Ed.2d 94 (1983)).

[¶ 23] In *Hoke,* we concluded that the benefits of the savings statute did not rescue Hoke from her plight, but we did so for reasons that are not applicable to the Haneys' circumstances. In *Hoke,* we ascertained that her case differed from the *Rosa* case in that, in Rosa the defendant had deliberately attempted to avoid service. The instant case differs from both *Hoke* and Rosa in that all parties entitled to notice of the lawsuit were given ample notice of it. What was lacking was not notice, but only the quality of the notice. However, the pivotal difference here is that the district court had jurisdiction of this case at the time the case was filed. Section 27–14–105(b) is unambiguous in its language that "service of the complaint on the director and attorney general is a jurisdictional requirement in order **to maintain** the suit." Had the attorney general and the director been served by certified mail, return receipt requested, within the sixty days mandated by *Terex,* then all would have been well and the suit could have been maintained (i.e., the suit was not void ab initio). There is no concern here that the action was not ever commenced, because we determined in *Terex* that a plaintiff has sixty days to meet the requirement of § 27–14–105. Thus, the "jurisdictional" issue at stake here is not one of traditional subject matter jurisdiction (it cannot be gainsaid that the district court is the proper court in which to file a suit premised on § 27–14–105), and it is certainly not one of personal jurisdiction.

Moreover, we must also keep in mind that the service rules only speak in terms of service on a "defendant," and certainly no argument can be made here that the State is in any way a defendant. Indeed, if the State were to be categorized, it is most like a plaintiff in these circumstances.

[¶ 24] In light of our discussion above, we find it unnecessary to answer the second certified question.

## CONCLUSION

[¶ 25] We affirm the district court's order in Case No. 05–279. In Case No. 06–69, we answer the first certified question "yes." The savings statute, Wyo. Stat. Ann. § 1–3–118, does apply to allow a plaintiff to refile a personal injury case which was filed within the time afforded by Wyo. Stat. Ann. § 1–3–105(a)(iv)(C) (four years) of the accident, but which was eventually dismissed without prejudice for lack of subject matter jurisdiction, because of the restrictions found in § 27–14–105(b), where the action is refiled within one year of the dismissal of the original action. It is unnecessary for us to answer the second certified question. This matter is remanded to the district court for further proceedings consistent with this opinion.